OPINION
{¶ 1} Defendant-appellant, Michael E. Lindamood, appeals his sentence, following a guilty plea, for complicity to commit extortion.
 {¶ 2} Appellant and a co-defendant extorted a large sum of money over a period of a couple of years from a victim. They threatened to bring false accusations concerning the victim to the attention of his church. The victim finally went to law enforcement officials and an undercover operation was conducted in which appellant and the co-defendant were recorded extorting additional money from the victim.
 {¶ 3} On October 2, 2002, a Belmont County Grand Jury returned an indictment against appellant setting forth ten counts of complicity to commit extortion, in violation of R.C.2923.03(A)(2) and R.C. 2905.11(A)(5), a felony of the third degree. Appellant pleaded not guilty and the case proceeded to discovery and other pretrial matters.
 {¶ 4} On April 10, 2003, appellant entered into a Crim.R. 11 plea agreement with plaintiff-appellee. Appellant agreed to plead guilty to one of the ten counts listed in the indictment. In exchange, appellee agreed to recommend a sentence of probation. The trial court accepted appellant's guilty plea and ordered a pre-sentence investigation report. After receiving the report, the trial court set a date for the sentencing hearing. Appellant failed to appear and the court issued a warrant.
 {¶ 5} Appellant subsequently turned himself in and a sentencing hearing was held on September 18, 2003, with him present. The court sentenced appellant to a four year term of imprisonment. This appeal followed.
 {¶ 6} Appellant's sole assignment of error states:
 {¶ 7} "The court erred in imposing a sentence without considering and finding the appropriate statutory factors prior to sentencing to more than the minimum prison sentence."
 {¶ 8} Appellant's sole argument is that the trial court did not make the required findings in order to sentence him to more than the minimum sentence authorized for the offense.
 {¶ 9} Appellant was found guilty of complicity to commit extortion, in violation of R.C. 2923.03(A)(2) and R.C.2905.11(A)(5). A violation of those sections is a felony of the third degree. R.C. 2905.11(B). A felony of the third degree carries a possible prison term of one, two, three, four, or five years. R.C. 2929.14(A)(3). The trial court sentenced appellant to four years.
 {¶ 10} R.C. 2953.08 provides in relevant part:
 {¶ 11} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 12} "(4) The sentence is contrary to law."[1]
 {¶ 13} Since (1) there is no indication in the record that appellant previously served any prison time, (2) that appellant's conviction is for a single offense, and (3) the trial court chose to impose more than the shortest prison term authorized for the offense; R.C. 2929.14(B) was implicated when the trial court imposed the sentence against appellant.
 {¶ 14} R.C. 2929.14(B) provides in relevant part:
 {¶ 15} "(B) [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 16} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 17} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 18} "As to R.C. 2929.14(B), the [Ohio Supreme Court has] indicated that the record must reflect that the trial court found that `either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.'State v. Edmonson (1999), 86 Ohio St.3d 324, 326. While the trial court is not required to give its reasons for reaching this finding, it must nonetheless explicitly indicate in the record that the shortest prison term would either demean the seriousness of the conduct or would not adequately protect the public from future crimes. Id. Absent this specification, a trial court may not stray from the statutorily mandated minimum sentence. Id."State v. Higgenbotham (Mar. 21, 2000), 7th Dist. No. 97 BA 70.
 {¶ 19} A review of the record in the case at bar reveals that the trial court complied with the applicable statutory requirements when it chose to impose more than the shortest prison term authorized for this single offense when there was no indication that appellant served prior prison time. The trial court's sentencing entry does illustrate that there was compliance with R.C. 2929.14(B). The court clearly finds at page two of its entry that the imposition of community control sanctions, or the shortest prison sentence, would demean the seriousness of the offense and would fail to adequately protect the public from future crime. (September 22, 2003 JUDGMENT ENTRY OF SENTENCE, p. 2.) The court made the same finding at the sentencing hearing itself. (Tr. 33.) As stated in Edmonson,
supra, the trial court was not required to indicate on the record its reasons for arriving at this finding. Due to the fact that the court met this statutory factor, it was permitted to impose a prison term which was of a longer duration than the minimum statutory term of imprisonment under R.C. 2929.14(A)(3).
 {¶ 20} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 21} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.
[1] {¶ a} Additionally, R.C. 2953.08(G)(2) provides:
{¶ b} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
{¶ c} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
{¶ d} "* * *
{¶ e} "(b) That the sentence is otherwise contrary to law."