The STATE of Ohio, Appellee,

v.

WALKER, Appellant.

[Cite as *State v. Walker* (1989), 61 Ohio App.3d 768.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55185.

Decided April 13, 1989.

*John T. Corrigan,* prosecuting attorney, and *Robert H. Grano, Jr.,* for appellee.

*Friedman, Chenette, Domiano & Smith Co., L.P.A.,* and *Mary Ann O. Rini;* and *Michael A. Wypasek,* for appellant.

ANN McMANAMON, Chief Justice.

Reginald Walker was indicted for one count of aggravated burglary in violation of R.C. 2911.11. Following plea negotiations in which the court participated with the defendant and the prosecutor, Walker entered a plea of guilty to the indictment. In a delayed appeal, Walker raises two meritorious assignments of error.[1] Accordingly, we vacate his plea and remand the case to the trial court.

1. Appellant's assignments of error are:

I

"Whether the trial court committed error when it promised on the record that it would sentence the defendant-appellant to the minimum sentence of five years and then at the

In his first assignment of error Walker contends the court sentenced him in contravention of the plea agreement. Walker's second assignment challenges the voluntariness of his plea. Since both arguments raise issues which concern the court's involvement in the plea negotiations, we will address them concurrently.

■ Crim.R. 11(C)(2)(a) prohibits a court, in felony cases, from accepting a guilty plea without personally addressing the defendant and determining whether the plea is voluntarily made with an understanding of the nature of the charges and the maximum penalty involved. In assessing the voluntariness of a plea, we are required to scrutinize carefully any participation by the trial court in the plea bargaining process. *State v. Byrd* (1980), 63 Ohio St.2d 288, 17 O.O.3d 184, 407 N.E.2d 1384, syllabus. If the court's active conduct "could lead a defendant to believe he cannot get a fair trial because the judge thinks that a trial is a futile exercise or that the judge would be biased against him at trial, the plea should be held to be involuntary * * *." *Id.*, 63 Ohio St.3d at 293–294, 17 O.O.3d at 188, 407 N.E.2d at 1388.

■ Initially, Walker challenges the sentence imposed by the trial court. A conviction for aggravated burglary, an aggravated felony of the first degree, carries with it possible sentences of five, six, seven, eight, nine or ten years minimum to a maximum of twenty-five years. See R.C. 2911.11(B); R.C. 2929.11(B). Although the trial judge promised Walker the five-year sentence as an inducement for his plea, the court later sentenced Walker to a minimum term of seven years. The trial court's failure to impose the promised sentence constitutes reversible error. See *State v. Simms* (Dec. 6, 1984), Cuyahoga App. No. 47796, unreported, 1984 WL 6350.

Had the trial court's active participation in the plea bargaining process been limited to the sentencing discussions, we would be inclined to remand the case for imposition of the minimum sentence. The record, however, demonstrates the court's participation was extensive.

■ The trial court acknowledged talking "at length" in chambers with the defendant, his counsel and the prosecutor. The court explained to the

___

sentencing gave the defendant-appellant a minimum sentence of seven years."

II

"Whether the defendant-appellant's plea of guilty was voluntary where he denied the essential elements of the offense to which he was pleading and yet was encouraged by the court to admit the essential elements of the offense under the promise of leniency, the threat of an adverse jury verdict, and the implication that the defendant-appellant was lying."

defendant that in his case a plea to a reduced charge was impossible. The record demonstrates the court then told the defendant:

"Q. And you and I know you haven't got a leg to stand on. You can't try this case. You can't get up there and testify and have the Jury know how many convictions you got. I think—I didn't count them,—but there are lots. Let's leave it at that. Okay?"

In response to court queries about the circumstances of the alleged crime, Walker stated he had only "attempted" to break into the house and that he had no intention to commit a theft offense. Walker explained he merely wanted a place to sleep. The court then responded:

"Q. Mr. Walker, you cannot tell that to a Jury. You would be convicted of aggravated burglary and as I said, if you can sell it to the Jury, and I'm not going to—I didn't go into details with you, you know, I have talked to you too much. Too nice, and I want an honest, straight answer, you know. You got a track record a mile long."

Walker later stated he was guilty of the charges. We note that the court detailed the defendant's constitutional rights, including his Fifth Amendment right not to testify. Nonetheless, we find that the court's statements regarding the futility of trial on the merits and the court's expressed attitude toward the defendant's guilt undermined the voluntariness of the plea. See *Byrd, supra.* In light of these facts we are compelled to vacate the conviction and remand the case to the trial court.

Accordingly, the defendant's first and second assignments of error are sustained.

*Judgment reversed
and cause remanded.*

PATTON and FORD, JJ., concur.

ROBERT B. FORD, J., retired, of the Geauga County Court of Common Pleas, sitting by assignment.