OPINION
Appellant, Raymond E. Cromley, appeals from the judgment of the Warren Municipal Court denying his Crim.R. 32.1 motion. Appellee, the City of Warren, has filed an answer brief. For the reasons which follow, we affirm the judgment of the trial court.
On September 12, 1997, appellant was charged with improperly handling two firearms in a motor vehicle in violation of Warren City Ordinances 549.04, a misdemeanor of the fourth degree. On October 6, 1997, appellant appeared in court with counsel and entered a plea of no contest to the charge pursuant to a plea bargain with the prosecutor's office. The plea bargain was stated on the record at the hearing. In exchange for appellant's plea of no contest, the prosecution recommended a thirty-day jail term with all thirty days suspended, a $250 fine, and one year of non-reporting probation. The prosecution also indicated that it had no objection to the return of the two seized weapons, a .22 caliber rifle and a .41 caliber magnum handgun.
The trial court, at that time, did not indicate whether it was accepting or rejecting the terms of the plea agreement when the agreement was stated on the record. However, after the court accepted appellant's plea of no contest, it imposed the recommended sentence with one exception: the court specifically reserved ruling on the return of the weapons. The trial court stated at the close of the October 6, 1997 hearing:
 "THE COURT: * * * There's been a motion concerning the return of the weapons. Very seldom do I return weapons. In your case after close review of the report, I'm satisfied that that may be in order, but what I want is what's called a CCH on you. They're not able to run it today, so [the prosecutor], what I'd like you to do, whenever they get around to running it, they will let you know. I'd like to look at it.
"[THE PROSECUTOR]: Yes, Sir.
 "THE COURT: Then [appellant] is going to come back here Friday at 11:00. If I like what I see on this and there's no real problem on this, I will follow your recommendation and order a return, but I have to satisfy myself by seeing that."
The transcript does not show that appellant or his counsel objected when the trial court made this statement, nor was there an oral motion to the court to withdraw the plea at that time. Thereafter, when appellant returned for the Friday, October 10, 1997 hearing, the trial court refused to allow the return of the weapons because the investigation revealed that appellant had several prior convictions for offenses involving weapons.
One week later, on October 17, 1997, appellant filed a Crim.R. 32.1 motion to withdraw his plea of no contest. The trial court summarily denied the motion on October 21, 1997. On November 13, 1997, appellant perfected a timely appeal of the denial of the Crim.R. 32.1 motion, but failed to perfect a timely appeal of his conviction and sentence.[1]
In the present appeal, appellant has raised two assignments of error for our consideration:
 "[1.] The trial court erred in not following the plea agreement that the prosecutor stipulated to the court, and in failing to advise the defendant-appellant that it would not follow the agreement prior to accepting defendant-appellant's no contest plea.
 "[2.] The trial court erred in denying defendant-appellant's motion to withdraw his no contest plea once the trial court deviated from the prosecutor's recommendation resulting from a plea bargain agreement."
In his first assignment of error, appellant argues that the trial court erred when it accepted appellant's no contest plea without first advising appellant that it would deviate from the plea agreement recommended by the state. In his second assignment of error, appellant argues that the trial court should have allowed appellant's motion to withdraw his plea because the trial court deviated from the terms of the plea bargain agreement. Thus, theorizes appellant, a manifest injustice occurred.
Although the arguments are somewhat intertwined, we do not believe that appellant can raise issues going to the knowing, intelligent, and voluntary nature of his plea in this appeal because these issues could have been raised in a timely appeal of his conviction and sentence, but were not. Allowing appellant to raise these issues now would violate the jurisdictional time limits imposed for the filing of a notice of appeal.
However, appellant did perfect a timely appeal of the denial of his Crim.R. 32.1 motion. As a result, we will limit our discussion to the denial of the Crim.R. 32.1 motion.
Crim.R. 32.1 provides:
 "Withdrawal of Guilty Plea. A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
Although a Crim.R. 32.1 motion filed prior to sentencing should be liberally granted, a motion filed after sentencing should only be granted when the defendant demonstrates the existence of a manifest injustice. Crim.R. 32.1; State v. Xie (1992), 62 Ohio St.3d 521,527; State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus; State v. Peterseim (1980),68 Ohio App.2d 211, 213. Such a motion is allowable only in extraordinary circumstances. Smith at 264. The showing of a "manifest injustice" is required to discourage an accused from pleading guilty to test the weight of a potential punishment, and then withdrawing the plea if the sentence was unexpectedly severe.Peterseim at 213.
An appellate court will review the trial court's determination of the Crim.R. 32.1 motion for an abuse of discretion. Peterseim;State v. Blatnik (1984), 17 Ohio App.3d 201, 202; accord State v.Battaglia (Mar. 26, 1993), Lake App. Nos. 92-L-011 and 92-L-085, unreported, at 4, 1993 Ohio App. LEXIS 1725. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Montgomery (1991), 61 Ohio St.3d 410,413. What will constitute an abuse of discretion with respect to denying a motion to withdraw a guilty plea will necessarily vary with the facts and circumstances of each case. State v. Walton
(1981), 2 Ohio App.3d 117, 119.
In the case at bar, appellant moved the court to withdraw his no contest plea after sentence was imposed. Again, according to appellant, his motion should have been allowed because the trial court deviated from the prosecutor's recommendations pursuant to the plea bargain agreement.
We do not believe, however, that appellant established the existence of a manifest injustice sufficient to warrant a reversal of the trial court's judgment. First, it is well-established that a trial court is not obligated to accept every negotiated plea agreement presented to it. The decision whether to accept or to reject a plea bargain rests within the sound discretion of the trial court. In re Disqualification of Mitrovich (1990),74 Ohio St.3d 1219; State v. Darmour (1987),38 Ohio App.3d 160, 161; Akron v. Ragsdale (1978),61 Ohio App.2d 107.
However, the law is somewhat less settled in those cases where the trial court appears to indicate that it accepts the negotiated plea agreement before the court accepts the defendant's plea, and then deviates from the recommended sentence or terms contained within the plea agreement at the time of sentencing. The analysis in these scenarios turns to due process concerns over whether theaccused was put on notice that the trial court might deviate from the recommended sentence or other terms of the agreement before the accused entered his plea and whether the accused was given anopportunity to change or to withdraw his plea when he received this notice. See, generally, Katz Giannelli, Criminal Law (1996) 154-155, Section 44.8.[2]
In Darmour, for example, the Eighth District Court of Appeals held that "[n]o abuse of discretion is present when the trial court forewarns a defendant that it will not consider itself bound by any sentencing agreement and defendant fails to change his plea." Darmour at 161. See, also, State v. Cox (Oct. 23, 1990), Ross App. No. 1626, unreported, 1990 Ohio App. LEXIS 4955 (trial court did not abuse its discretion by refusing to allow the defendant's post-sentence Crim.R. 32.1 motion filed on the grounds that the trial court imposed a stricter sentence than that recommended by the state, because even though the trial court did not expressly reject the agreement prior to accepting the defendant's plea, the trial court forewarned the defendant that it was not bound by the sentencing recommendations.)
Here, it is arguable whether the trial court's silence when it was presented with the plea agreement amounted to formal acceptance of the terms of the agreement. Indeed, the agreement was clearly couched in terms of "recommendations," rather than in terms implying set guarantees. Nevertheless, because any ambiguity is generally resolved in favor of the defendant, we will presume that the trial court gave appellant the impression that it was accepting the terms of the agreement before appellant entered his plea. State v. Allgood (June 19, 1991), Lorain App. Nos. 90CA004903, 90CA004904, 90CA004905, 90CA004907, unreported, at 3-5, 1991 Ohio App. LEXIS 2972; United States v. Holman (C.A.6, 1984), 728 F.2d 809.
Regardless, there is no doubt that the court notified appellant that it had a problem with the return of the weapons during that same hearing on October 6, 1997. There, at the end of the hearing, the trial court made it quite clear that it might refuse to order the return of the weapons if the outcome of the investigation into appellant's background was not favorable. While the trial court should have notified appellant of the sameprior to accepting appellant's plea, we see no prejudice as appellant could have objected and moved the court to withdraw his plea at the close of the October 6, 1997 hearing, before sentencing was complete.
Appellant was represented by counsel at this hearing and appellant presumably had personal knowledge that his record was less than exemplary. Despite this knowledge, it would appear that appellant was willing to gamble that the trial court would order the return of the weapons, on the off chance that the extent of his record would not be revealed to the trial court.
Thus, appellant waited until after he found out that the weapons would not be returned to him at the October 10, 1997 hearing to file his motion to withdraw his plea. As appellee indicated in its appellate brief, the purposes of Crim.R. 32.1 would not be served if appellant was allowed to withdraw his plea after sentencing in the case at bar. Crim.R. 32.1 was designed to prevent this kind of testing of the punishment through the entering of a plea. See, also, State v. Barnhart (Aug. 26, 1998), Mahoning App. No. 94 CA 192, unreported, 1998 Ohio App. LEXIS 4121 (denial of defendant's post-sentence Crim.R. 32.1 motion upheld where defendant was warned prior to the entry of his plea that the court might impose a sentence greater than the recommended sentence, and the defendant failed to object or file apre-sentence motion to withdraw his plea in the four days between the plea hearing and sentencing.)
Upon consideration of all of the facts and circumstances of the case before us, we cannot say that the trial court abused its discretion by denying appellant's Crim.R. 32.1 motion. Appellant's second assignment of error is without merit.
In light of the foregoing analysis, appellant's two assignments of error are without merit. The judgment of the trial court is affirmed. _________________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY
NADER, J.,
O'NEILL, J., concur.
[1] Even if we consider October 10, 1997 to be the determinative date of the entry of appellant's conviction and sentence, more than 30 days elapsed before appellant filed his notice of appeal.
[2] One additional caveat, however, is that the trial court cannot appear to be actively engaged in refashioning the parties' agreement, for that is not the province of the impartial judiciary. See, e.g., Walton; see, also, State v. Walker (1989), 61 Ohio App.3d 768.
 JUDGMENT ENTRY
For the reasons stated in the Opinion of this court, the assignments of error are without merit. It is the judgment and order of this court that the judgment of the trial court is affirmed. ___________________________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY, FOR THE COURT