[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Gary Thompson appeals from the judgment of the trial court finding him guilty of failure to comply with a police officer and sentencing him to six months in the Hamilton County Justice Center and to three years' community control.
Pursuant to a plea, the court, the state and Thompson agreed upon a sentence of six months in the Hamilton County Justice Center. In reliance on the agreement, Thompson entered a plea of guilty. The trial court accepted the plea and found Thompson guilty. Sentencing was continued to another date.
On the day of sentencing, the court sentenced Thompson to serve six months in the Hamilton County Justice Center and also to serve three years' community control. Thompson claims that the trial court erred in adding the community-control sanction to the agreed sentence, which included no community control.
We are constrained to sustain the assignment of error. At the time the plea was entered and accepted, the court, the prosecutor and Thompson had all agreed that his sentence would be six months' local time. It was not until after the plea was accepted that the trial court imposed the three-year post-release control provision. The court was not required by law to include post-release control, and to add that term after an agreed sentence had been promised in exchange for a plea constituted error.[1]
We emphasize that our decision is based specifically on the trial court's involvement in the plea agreement and its promise to Thompson to impose a specific sentence. Because the court agreed to impose a specific term and then deviated from the agreement after the plea was accepted, the court erred in imposing the post-release control provisions in addition to the six-month sentence.
Therefore, we reverse the judgment of the trial court and remand for resentencing in accordance with the plea agreement.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] See State v. Walker (1989), 61 Ohio App.3d 768, 770,573 N.E.2d 1158, 1159 (trial court's failure to impose promised sentenced constitutes reversible error).