DECISION
{¶ 1} Defendant-appellant, George Bonnell, appeals his conviction and sentencing in the Clermont County Court of Common Pleas for attempted robbery.
 {¶ 2} Appellant was indicted for one count of robbery in violation of R.C. 2911.02(A)(2). He pled not guilty to the charge. As a result of plea negotiations, the state agreed to amend the charge to attempted robbery pursuant to R.C. 2923.02(A) and R.C. 2911.02(A)(3), and the trial court agreed not to sentence appellant to prison. At a hearing, appellant pled guilty to the amended charge. The trial court set a date for sentencing. Appellant failed to appear for the sentencing hearing and a bench warrant was ultimately issued for his arrest.
 {¶ 3} Appellant was arrested in Tennessee and returned to Ohio for sentencing. At the sentencing hearing, the trial court imposed a prison term of 18 months. After judgment was entered, appellant filed a motion to withdraw his guilty plea based on the change in sentencing from the sentence promised at the plea hearing. The trial court denied appellant's motion.
 {¶ 4} Appellant now appeals his conviction and sentencing, raising three assignments of error.
Assignment of Error No. 1:
 {¶ 5} "THE COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING HIS MOTION FOR SUPPRESSION OF EVIDENCE."
Assignment of Error No. 2:
 {¶ 6} "THE COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANT BY PARTICIPATING IN PLEA NEGOTIATIONS PRIOR TO APPELLANT ENTERING A GUILTY PLEA AND THEN MAKING FALSE PROMISES TO EXTRACT THAT GUILTY PLEA FROM APPELLANT."
Assignment of Error No. 3:
 {¶ 7} "THE COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING APPELLANT TO THE MAXIMUM SENTENCE ALLOWED BY LAW."
 {¶ 8} Because it is dispositive of the other two assignments, we begin by addressing appellant's second assignment of error. In this assignment of error, appellant raises several arguments regarding the trial court's participation in the plea agreement. He first argues that it is not allowable for a trial court to be involved in plea negotiations.
 {¶ 9} The Federal Rules of Criminal Procedure and a number of courts in other states prohibit participation by a judge in plea bargain negotiations. Fed.R.Crim.P. 11(e); State v. Byrd (1980),63 Ohio St.2d 288, 292-93. Upon examination of this issue, the Ohio Supreme Court cautioned, "[a]lthough this court strongly discourages judge participation in plea negotiations, we do not hold that such participation per se renders a plea invalid under the Ohio and United States Constitutions." Byrd at 293.
 {¶ 10} Instead, "a trial judge's participation in the plea bargaining process must be carefully scrutinized to determine if the judge's intervention affected the voluntariness of the defendant's guilty plea." Id. A judge's participation in negotiations affects a guilty plea when the judge conveys a message to the defendant that going to trial would be futile, the judge implies that sentencing after a trial would be greater than sentencing if the defendant pleads guilty, or when the judge goes to great lengths to intimidate a defendant into accepting a guilty plea. Byrd; State v. Ball (1990), 66 Ohio App.3d 224; State v. Walker
(1989), 61 Ohio App.3d 768.
 {¶ 11} In this case, nothing in the record indicates that the trial court's participation in the plea negotiations rendered the plea involuntary. Instead, it appears that the trial court's only involvement was a promise that he would not sentence appellant to prison. Thus, we find no error in the trial court's initial involvement in the plea negotiations.
 {¶ 12} However, appellant also argues that the trial court breached the plea agreement. Appellant contends that the plea bargain involved a deal, agreed to by both the prosecutor and the court, that he would not be sentenced to prison. A review of the record supports appellant's contention.
 {¶ 13} At the plea hearing, the judge stated that there had been discussion and a negotiated plea in the case. The judge stated that it had participated by indicating to counsel that it would "not be imposing a prison sentence in this particular case" and that the prosecution agreed to that sentence. The prosecutor then stated that it was amending the robbery charge to a charge of attempted robbery in order to reduce the charge to a fourth degree felony. In return for these promises, appellant agreed to plead guilty to the amended charge.
 {¶ 14} The trial court then went through a discussion, pursuant to Crim.R. 11, with appellant regarding the consequences of pleading guilty in the case. During the course of its discussion of possible penalties, the trial court stated, "I will not overcome the presumption against prison, and that means, basically, that you would be given a community control sanction, which could include a period of incarceration in the county jail, but that would be the maximum sentence that the court would impose * * *."
 {¶ 15} With regard to the sentencing hearing to occur at a later date, the trial court stated that it was going to refer appellant for a presentence report, but "I will be granting a community control sanction which will, in all likelihood, carry some jail time with it, but I haven't come to a conclusion about what the proper number might be yet. I want to look at the report."
 {¶ 16} As mentioned above, appellant failed to appear for the sentencing hearing. After he was arrested and returned to Ohio, the trial court held a sentencing hearing. At the hearing, the court asked the prosecution whether it had any position on sentencing. The prosecutor stated that he did not remember what had been discussed at the plea hearing, but that the fact that appellant did not show for the prior hearing should "make some difference." The prosecutor then continued by stating that it may be appropriate in this case to sentence appellant to prison.
 {¶ 17} Although appellant and his counsel were given the opportunity to speak, the trial court never indicated that it would not sentence appellant in accordance with the plea agreement. The trial court then proceeded to sentence appellant, not only to prison, but to a maximum sentence. As mentioned above, appellant filed a motion to withdraw his guilty plea based on the change in sentencing, but the trial court denied the motion.
 {¶ 18} When a trial court promises a certain sentence, the promise becomes an inducement to enter a plea, and unless that sentence is given, the plea is not voluntary. State v. Triplett (Feb. 13, 1997), Cuyahoga Co. App. No. 69237. Accordingly, a trial court commits reversible error when it participates in plea negotiations but fails to impose the promised sentence. Id.; State v. Walker (1989),61 Ohio App.3d 768.
 {¶ 19} In this case, the trial court promised appellant that it would not sentence him to prison. This promise was definite and certain. The facts of this case differ from cases in which a trial court states that it is inclined to sentence a defendant in a particular way and states that inclination in conditional terms. See State v. Burton
(1977), 52 Ohio St.2d 21 (defendant cautioned by trial court that he would not receive consideration in sentencing if arrested before hearing). The facts also differ from those cases in which the state recommends a sentence and the trial court is not directly involved in plea negotiations. State v. Gastaldo (Sept. 21, 1998), Tuscarawas App. No. 98AP010006 (trial court informed defendant that it was not bound by recommended sentence); State v. Skrip, Greene App. No. 2001-CA-74, 2002-Ohio-538930 (trial court stated that it did not promise anything with regard to plea agreement and that the underlying agreement was between the defendant and the state, not the court).
 {¶ 20} Furthermore, the trial court did not give appellant any notice that it intended to deviate from the terms of the plea bargain. We recognize that there are instances in which a trial court intends to sentence a defendant in one manner and circumstances or facts arise which make the promised sentence inappropriate. As it read the sentence, the trial court seemed to allude to the fact that a change in sentence was necessary as it stated that it was not going to tolerate appellant's absconding[1] and that it didn't want appellant on a community control sanction. However, prior to the time it was pronouncing the sentence, the trial court never stated that it intended to deviate from the agreement. The trial court also failed to give appellant a chance to withdraw his plea either before or after announcing the prison sentence.
 {¶ 21} The analysis in cases such as this one centers on whether the defendant was put on notice that the trial court might deviate from the terms of the plea agreement and whether the defendant was given an opportunity to withdraw his plea after receiving notice. See Warren v.Cromley (Jan. 29, 1999), Trumbull Co. App. No. 97-T-0213. In this case, the trial court did not clearly state its intention to deviate from the plea terms. See State v. Gastaldo (Sept. 21, 1998), Tuscarawas App. No. 98AP010006 (trial court stated its intention to vary sentence from the terms of original agreement); Cromley (trial court notified defendant that it had a problem with recommendation of the state to return weapons after it received investigation report). Nor did the trial court give appellant the opportunity to withdraw his plea in light of the change from the negotiated terms of the plea bargain. See State v. Willey, Washington App. No. 01CA37, 2002-Ohio-2849 (no error occurred when trial court offered defendant opportunity to withdraw his plea after informing him of its unwillingness to abide by previous comments about sentencing).
 {¶ 22} We find reversible error occurred in this case because the trial court explicitly promised appellant it would not sentence him to prison, then failed to follow through on its promise at the sentencing hearing without stating its intention and without giving appellant the opportunity to withdraw his plea. While the state argues that appellant was put on notice by the prosecutor's statements that a prison sentence may be appropriate, any statement by the prosecution reflects on the state's intention to comply with the plea bargain, not the court's intention.
 {¶ 23} Accordingly, we remand this case to the trial court. On remand for a breach of a plea agreement, two remedies are available, depending on the circumstances of the case. State v. Matthews (1982),8 Ohio App.3d 145; Willey at ¶ 12; Skrip at ¶ 53. Either the trial court must sentence appellant in accordance with the plea agreement, or if it determines such a sentence is no longer appropriate, it must allow appellant the opportunity to withdraw his guilty plea.Matthews; Willey; Skrip. Appellant's second assignment of error is sustained. Given our resolution of appellant's second assignment of error, appellant's first and third assignments are rendered moot.
Judgment reversed and case remanded for further proceedings according to law and consistent with this opinion.
WALSH, P.J., YOUNG and VALEN, JJ., concur.
[1] Appellant testified that he was fully aware that he was missing the sentencing hearing and that he intended to try and evade authorities until after Christmas, when he planned to turn himself in.