OPINION
{¶ 1} Defendant-appellant, Amanda L. Dutton, appeals her sentence, following a guilty plea, for extortion.
 {¶ 2} Appellant and a co-defendant extorted a large sum of money over a period of a couple of years from a victim. They threatened to bring false accusations concerning the victim to the attention of his church. The victim finally went to law enforcement officials and an undercover operation was conducted in which appellant and the co-defendant were recorded extorting money from the victim.
 {¶ 3} On October 2, 2002, a Belmont County Grand Jury returned an indictment against appellant setting forth ten counts of extortion, in violation of R.C. 2905.11(A)(5), a felony of the third degree. Appellant pleaded not guilty and the case proceeded to discovery and other pretrial matters.
 {¶ 4} On April 10, 2003, appellant entered a Crim. R. 11 plea agreement with plaintiff-appellee. Appellant agreed to plead guilty to one of the ten counts listed in the indictment. In exchange, appellee agreed to recommend a sentence of probation. The trial court accepted appellant's guilty plea and ordered a pre-sentence investigation report. After receiving the report, the trial court set a date for the sentencing hearing. Appellant failed to appear and the court issued a warrant.
 {¶ 5} Appellant subsequently turned herself in and a sentencing hearing was held on September 18, 2003, with her present. The trial court sentenced appellant to a four year term of imprisonment. This appeal followed.
 {¶ 6} Appellant's first assignment of error states:
 {¶ 7} "The court erred in imposing a sentence without considering and finding the appropriate statutory factors prior to sentencing to more than the minimum prison sentence."
 {¶ 8} Appellant argues that the trial court did not make the required findings in order to sentence her to more than the minimum sentence authorized for the offense.[1]
 {¶ 9} Appellant was found guilty of one count of extortion, in violation of R.C. 2905.11(A)(5). Violation of this section is a felony of the third degree. Under R.C. 2929.14(A)(3), a felony of the third degree carries a possible prison term of one, two, three, four, or five years. The trial court sentenced appellant to four years.
 {¶ 10} R.C. 2953.08 provides in relevant part:
 {¶ 11} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 12} "(4) The sentence is contrary to law."[2]
 {¶ 13} Since (1) there is no indication in the record that appellant previously served any prison time, (2) that appellant's conviction is for a single offense, and (3) the trial court chose to impose more than the shortest prison term authorized for the offense; R.C. 2929.14(B) was implicated when the trial court imposed the sentence against appellant.
 {¶ 14} R.C. 2929.14(B) provides in relevant part:
 {¶ 15} "(B) [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 16} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 17} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 18} "As to R.C. 2929.14(B), the [Ohio Supreme Court has] indicated that the record must reflect that the trial court found that `either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.' State v. Edmonson (1999),86 Ohio St.3d 324, 326. While the trial court is not required to give its reasons for reaching this finding, it must nonetheless explicitly indicate in the record that the shortest prison term would either demean the seriousness of the conduct or would not adequately protect the public from future crimes. Id. Absent this specification, a trial court may not stray from the statutorily mandated minimum sentence. Id." State v.Higgenbotham (Mar. 21, 2000), 7th Dist. No. 97 BA 70.
 {¶ 19} A review of the record in the case at bar reveals that the trial court complied with the applicable statutory requirements when it chose to impose more than the shortest prison term authorized for this single offense when there was no indication that appellant served prior prison time. The trial court's sentencing entry does illustrate that there was compliance with R.C. 2929.14(B). The court clearly finds at page two of its entry that the imposition of community control sanctions, or the shortest prison sentence, would demean the seriousness of the offense and would fail to adequately protect the public from future crime. (September 22, 2003 JUDGMENT ENTRY OF SENTENCE, p. 2.) The court made the same finding at the sentencing hearing itself. (Tr. 48.) As stated inEdmonson, supra, the trial court was not required to indicate on the record its reasons for arriving at this finding. Due to the fact that the court met this statutory factor, it was permitted to impose a prison term which was of a longer duration than the minimum statutory term of imprisonment under R.C. 2929.14(A)(3).
 {¶ 20} Accordingly, appellant's first assignment of error is without merit.
 {¶ 21} Appellant's second assignment of error states:
 {¶ 22} "The trial court erred when it deviated for [SIC] the promised sentence of nonresidential community control sanctions where the state of ohio failed to prove that the appellant had knowingly violated the terms of her bond."
 {¶ 23} Appellant argues that the trial court abused its discretion when it deviated from the promised sentence. Appellant claims that unless the prosecution can prove that appellant knowingly failed to appear at her sentencing hearing, the court is bound by the "promised sentence" contained within the plea recommendation. That plea recommendation called for community control sanctions in lieu of a prison term in exchange for a voluntary guilty plea on one count of extortion.
 {¶ 24} Appellant cites an Eighth District case, State v. Walker
(1989), 61 Ohio App.3d 768, 573 N.E.2d 1158, as her basis for the principle that the trial court is bound by the promised sentence. InWalker, the Eighth District found that when a trial court judge promises a sentence to induce a plea agreement, it is reversible error for the trial court not to impose the promised sentence. Id. This occurs because the induced plea is no longer voluntary if the promised sentence is not followed. Id. However, as the Fifth District pointed out in State v.Gastaldo (Sept. 21, 1998), 5th Dist. No. 98AP01006, the court in Walker
participated extensively in the plea agreement and the record showed that the court expressly promised a prison sentence of five years to induce a guilty plea. The Fifth District distinguished Walker on the grounds that the involvement of the trial court in plea negotiations was limited to information received and relayed at the plea hearing.
 {¶ 25} After reviewing the record, it is clear that trial court did not abuse its discretion when it sentenced appellant to four years in lieu of the recommended sentence. The trial court did not actively participate in the formulation of the plea recommendation, nor did the trial court expressly promise community control sanctions to induce the guilty plea. All formulation of the plea agreement took place between the State and the appellant. (Tr. 4.) The trial court simply received and relayed information at the plea hearing and accepted appellant's plea. Thus, the court did not commit reversible error under the Walker
standard. Gastaldo, supra.
 {¶ 26} In addition, the trial court forewarned appellant that it would not be bound by any plea recommendation. The court informed appellant, "[T]his court is not bound to accept the agreement or the recommendation that's been offered by the state or by your attorney. * * * Do you understand that if you enter this plea, that I have the power today to sentence you to the maximum allowed under the law?" (Tr. 8.) Appellant responded, "Yes, sir." (Tr. 8.) Because the court forewarned appellant, it did not abuse its discretion by not following the plea recommendation.
 {¶ 27} In sum, appellant's sentence was supported by the record and was not contrary to law. Additionally, appellant's sentence was commensurate with the sentence received by her co-defendant, Michael E. Lindamood, in this case who also received a four year prison term for complicity to commit extortion. State v. Lindamood, 7th Dist. No. 03-BE-67, 2004-Ohio-3031.
 {¶ 28} Accordingly, appellant's second assignment of error is without merit.
 {¶ 29} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, P.J., concurs.
[1] Appellant's co-defendant raised this identical assignment of error before this court in State v. Lindamood, 7th Dist. No. 03-BE-67,2004-Ohio-3031. This court found that assignment of error to be without merit and affirmed the decision of the trial court.
[2] Additionally, R.C. 2953.08(G)(2) provides:
"The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
"The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
"* * *
"(b) That the sentence is otherwise contrary to law."