[Cite as *State v. Howard*, 2010-Ohio-4828.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,           CASE NO. 6-09-16

    v.

BENJAMIN HOWARD,              O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20092006

Judgment Reversed and Cause Remanded

Date of Decision: October 4, 2010

APPEARANCES:

    *Michael J. Short* for Appellant

    *Bradford W. Bailey and Maria Santo* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Benjamin L. Howard, appeals the judgment of the Court of Common Pleas of Hardin County accepting his plea of guilty and convicting him of aggravated robbery with a gun specification and tampering with evidence. On appeal, Howard argues that his plea of guilty was not entered voluntarily and was void, and that the trial court erred in refusing to allow him to withdraw his plea of guilty. Based upon the following, we reverse the judgment of the trial court.

{¶2} In January 2009, the Hardin County Grand Jury indicted Howard on Count One, aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree with a gun specification pursuant to R.C. 2941.145(A); Count Two, breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree; Count Three, breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree; Count Four, breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree; Count Five, tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree; and, Count Six, possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree. The indictment stemmed from a November 2008 incident during which Howard and three other men broke into the Jump n Jim's carryout in Kenton, Hardin County, brandished firearms to the clerk, demanded money from the clerk,

beat the cash register in an attempt to open it, and then burned the clothing they had worn during the incident. The indictment also stemmed from two other November 2008 incidents during which the men broke into a United Smokes establishment and a Porterhouse West establishment in Hardin County.

{¶3}  In November 2009, the case proceeded to jury trial. On the first day of trial, the State presented testimony from a Kenton Police Department Detective that he investigated the incident and that Howard admitted to participating in the robbery, to brandishing firearms during the robbery, and to burning his clothing afterward. The Detective testified that Howard's statements admitting to the offenses were corroborated by the other men who participated in the incident. Additionally, the State presented the taped police interview, during which Howard admitted, under penalty of perjury,[1] to participating in the robbery, brandishing a firearm, and burning his clothing.

{¶4}  On the second day of trial, after the State rested, Howard's counsel indicated to the Court that Howard insisted, against his advice, in testifying in his defense contrary to his taped confession, which was made under penalty of perjury. Thereafter, the following discussion took place:

> **[Trial Court]:  * * * why aren't you following [trial counsel's] advice?  Do you understand that you are setting yourself up for additional charges?  Do you understand that so far in this case, unless your witnesses produce something that I haven't seen, the**

---

[1] At the end of the taped interview, Howard swore that everything he told the Detective was "true to the best of [his] knowledge under the pains and penalties of perjury." (Nov. 2009 Trial Tr., p. 167).

**evidence is overwhelming against you. [sic] There is absolutely no way this jury is not going to find you guilty. Any offer that was on the table that you've refused is stupid, and that's the only way I can describe it Mr. Howard, is stupid. \* \* \***

**[Howard]: Would I be able to get the offer back? \* \* \***

**[Trial Court]: You'll have to talk to [the State] about that.**

**[Trial Counsel]: I related to him that the original offer \* \* \* was no longer available. \* \* \* That offer was available yesterday morning and Mr. Howard rejected any discussions along that line. So the status of things have [sic] changed.**

**[Trial Court]: And so the answer is no, you can't have the original deal, but I would assume something less than a maximum sentence is available to you. Do you need further time to talk to your attorney about this, or do you still want to proceed with this today?**

**[Howard]: I'm really scared. I don't know what to do.**

**[Trial Court]: I can, you're long past the point of being scared Mr. Howard. \* \* \* You should've been scared the night you did this stupid thing, and then we wouldn't be here today. And so yes, you have every reason to be scared, but you have to make a decision and that decision could very well effect [sic] how long you stay in prison. So you need to, because at this point in time this Court is convinced it's not a matter of if you're going to prison, it's for how long. Okay.**

**[Howard]: Would we be able to have [trial counsel] talk to [the State] about a [sic] \* \* \***

**[Trial Court]: If you guys need some more time, I'll certainly grant you some more time to talk, but it's only gonna be about ten minutes because we've got a jury setting [sic] in here waiting and I'm not going to keep them. \* \* \***

(Nov. 2009 Trial Tr., pp. 327-330). After a recess, the State then informed the trial court that Howard had indicated his desire to withdraw his plea of not guilty and to enter a plea of guilty to the aggravated robbery charge with a one-year gun specification, and to the count of tampering with evidence, in exchange for the State's recommendation of an aggregate six-year prison term. Howard then indicated his agreement. Thereafter, the trial court engaged Howard in a very thorough Crim.R. 11 colloquy, including, in pertinent part:

> **[Trial Court]: You're pleading guilty to these criminal offenses today because you are, in fact, guilty of them?**
>
> **[Howard]: Yes.**
>
> **[Trial Court]: Nobody's threatened you, mistreated you, coerced you in any way to get these pleas out of you?**
>
> **[Howard]: No sir.**
>
> **[Trial Court]: You're not relying on any statement or promise not talked about here today in court or reduced to writing to enter these pleas?**
>
> **[Howard]: No sir.**

(Nov. 2009 Trial Tr., p. 344). Shortly thereafter, the trial court accepted Howard's pleas of guilty to Count One, with the amended gun specification pursuant to R.C. 2941.141(A), and Count Five. Additionally, the trial court sentenced Howard to a three-year prison term on Count One to be served consecutively to the one-year gun specification, and to a two-year prison term on Count Five to be served

consecutively to Count One and the gun specification, for an aggregate six-year prison term. Finally, the trial court dismissed the remaining counts pursuant to the plea agreement.

{¶5} Later that month, Howard filed a motion to withdraw his plea of guilty pursuant to Crim.R. 32.1, in which he argued that a manifest injustice occurred because his sentence was disproportionate to the sentences received by the other defendants convicted in the offenses, and because he was pressured into entering the plea of guilty.

{¶6} In December 2009, the trial court overruled Howard's motion to withdraw his plea of guilty, finding that he had not demonstrated any injustice, whether manifest or not.

{¶7} It is from his conviction and sentence and the overruling of his motion to withdraw his plea of guilty that Howard appeals, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE DEFENDANT'S GUILTY PLEAS WERE NOT VOLUNTARILY GIVEN AND ARE THEREFORE VOID.**

*Assignment of Error No. II*

**THE TRIAL COURT ERRED IN NOT PERMITTING THE DEFENDANT TO WITHDRAW HIS GUILTY PLEAS.**

{¶8} Due to the nature of Howard's assignments of error, we elect to address them together.

*Assignments of Error Nos. I and II*

{¶9} In his first assignment of error, Howard argues that his guilty plea was not entered voluntarily, and, thus, was void. Specifically, Howard contends that the trial judge coerced him into entering a guilty plea by indicating that the jury would find him guilty; that continuing with the trial and testifying on his own behalf could result in more prison time; and, that he, in fact, believed Howard had committed the crime. Howard claims that the trial court's statements led him to believe that the trial was a futile exercise. In the same vein, Howard argues that, for these same reasons, the trial court erred in overruling his Crim.R. 32.1 motion to withdraw his guilty plea.

{¶10} Initially, we address Howard's claim that his guilty plea was void, as it was not entered voluntarily. Pursuant to Crim.R. 11, all guilty pleas must be entered knowingly, voluntarily, and intelligently. *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179. "Crim.R. 11(C) is intended to ensure that guilty pleas are entered knowingly, intelligently, and voluntarily." *State v. Cortez*, 3d Dist. Nos. 5-07-06, 5-07-07, 2007-Ohio-6150, ¶16, citing *State v. Windle*, 4th Dist. No. 03CA16, 2004-Ohio-6827, ¶7. Crim.R. 11(C) requires the trial judge, before accepting a guilty plea in a felony case, to inform the defendant of several rights

enumerated under the rule, making sure the defendant understands the nature of those rights. *State v. Stewart* (1977), 51 Ohio St.2d 86, 88. Specifically, the trial judge must determine that the defendant is making the plea voluntarily; that he understands the nature of the charges and the maximum punishment; if applicable, that he understands he is not eligible for probation or community control; that he understands the effect of a guilty plea; and, that he understands by pleading guilty, he is waiving the right to a jury trial, to confront witnesses, to have compulsory process in obtaining witnesses, and to have the State prove his guilt beyond a reasonable doubt at a trial where he is not required to testify against himself. Crim.R. 11(C). A trial court's failure to ensure that a plea has been entered knowingly, voluntarily, and intelligently renders the plea unconstitutional. *Engle*, 74 Ohio St.3d at 527, citing *Kercheval v. United States* (1927), 274 U.S. 220, 223; Crim.R. 11(C).

{¶11} In determining whether the trial court has properly followed the nonconstitutional requirements of Crim.R. 11(C), the reviewing court must find substantial compliance. *Stewart*, 51 Ohio St.2d at 92. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero* (1990), 56 Ohio St.3d 106, 108, citing *State v. Carter* (1979), 60 Ohio St.2d 34, 38. Additionally, the Supreme Court of Ohio has held that "a defendant must

show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶17. In order to demonstrate prejudice, the defendant must show that the plea would not have been otherwise made. *Stewart*, 51 Ohio St.2d at 93.

{¶12} In evaluating the voluntariness of a plea, a reviewing court must "scrutinize carefully any participation by the trial court in the plea bargaining process." *State v. Walker* (1989), 61 Ohio App.3d 768, 770, citing *State v. Byrd* (1980), 63 Ohio St.2d 288, syllabus. Where the trial court's participation "'could lead a defendant to believe he cannot get a fair trial because the judge thinks that a trial is a futile exercise or that the judge would be biased against him at trial, the plea should be held to be involuntary * * *.'" *Walker*, 61 Ohio App.3d at 770, quoting *Byrd*, 63 Ohio St.3d at 293-294.

{¶13} Courts have found that a trial court's participation in the plea bargaining process rendered a defendant's ensuing guilty plea involuntary where the court's participation was "extensive," the trial court acknowledged talking "at length" in chambers with the defendant, the trial court told the defendant that a plea to a reduced charge was impossible, and the trial court told the defendant that "you haven't got a leg to stand on" and "you can't try this case," *Walker*, supra; where the trial court "went to great lengths to intimidate appellant into accepting a

plea bargain," *State v. Ball* (1990), 66 Ohio App.3d 224; where the trial court told the African-American defendant's mother and sister that the predominately white jury would send him "to the chair" if he insisted on going to trial and that they should persuade him to plead guilty to spare him, the trial court negotiated the plea bargain with the State and told the defendant that it was a "pretty good deal," and "it appeared as if the judge had joined forces with the prosecution in deciding that appellant was guilty[.]" *Byrd*, supra.

{¶14} Here, we find that the trial court's statements rendered Howard's plea involuntary. The trial court's remarks that Howard was "setting himself up for additional charges," when viewed in context, were clearly related to the fact that Howard's counsel had indicated his client's desire to testify in his own defense against counsel's advice, in light of the fact that the State had presented his taped confession to the offenses that was given under penalty of perjury. The trial court in no way insinuated that continuing the trial and submitting the issues to the jury in lieu of his entering a guilty plea would, alone, result in additional charges. However, the trial court remarked that the evidence against Howard was "overwhelming," that there was "no way" the jury would not find him guilty, and that Howard's rejection of any plea bargain offer was "stupid." Even further, the trial court remarked that "you should've been scared the night you did this stupid thing," insinuating that the trial court had already decided Howard was guilty.

We find that these statements conveyed to Howard that the trial was a futile exercise, and accordingly, rendered his plea involuntary. See *Walker*, 61 Ohio App.3d at 770.

{¶15} Additionally, although the trial court engaged in a thorough Crim.R. 11 colloquy with Howard prior to accepting his plea, we cannot find that Howard's acknowledgement that he was "not relying on any statement or promise *not* talked about here today in court" (emphasis added), cured the trial court's previous inappropriate statements. On the contrary, Howard may have been relying on, and intimidated by, the statements that the trial judge made in court on that day.

{¶16} Accordingly, we find that Howard's plea of guilty was not entered voluntarily, and we sustain Howard's first assignment of error.

{¶17} Next, we turn to Howard's argument that the trial court erred in denying his motion to withdraw his guilty plea.

{¶18} Appellate review of the trial court's denial of a motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. *State v. Nathan* (1995), 99 Ohio App.3d 722, 725, citing *State v. Smith* (1977), 49 Ohio St.2d 261. An abuse of discretion connotes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Nagle*, 11th Dist. No. 99-L-089, 2000 WL 777835, citing *Blakemore v.*

*Blakemore* (1983), 5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.

{¶19} Crim. R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." See, also, *State v. Mata*, 3d Dist. No. 1-04-54, 2004-Ohio-6669, ¶6. The party moving to withdraw the plea of guilty bears the burden of establishing a manifest injustice. *Smith*, 49 Ohio St.2d 261, at paragraph one of the syllabus. A manifest injustice is an exceptional defect in the plea proceedings, *State v. Vogelsong*, 3d Dist. No. 5-06-60, 2007-Ohio-4935, ¶12, or a "clear or openly unjust act." *State v. Walling*, 3d Dist. No. 17-04-12, 2005-Ohio-428, ¶6, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271. Accordingly, a post-sentence motion to withdraw a guilty plea is only granted in "extraordinary cases." *Smith*, 49 Ohio St.2d at 264.

{¶20} Howard argued that the trial court erred in overruling his Crim.R. 32.1 motion to withdraw his guilty plea for the same reasons given supporting his argument that his plea was involuntary. Given our finding that Howard's plea was

not entered voluntarily, we similarly find that the trial court erred in overruling his motion to withdraw his guilty plea.

**{¶21}** Accordingly, we sustain Howard's second assignment of error.

**{¶22}** Having found error prejudicial to the appellant herein, in the particulars assigned and argued in the first and second assignments of error, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this Opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW and PRESTON, J.J., concur.**

**/jlr**