[Cite as *State v. Shelton*, 2013-Ohio-1441.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98416**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSEPH SHELTON

DEFENDANT-APPELLANT

## JUDGMENT:
## SENTENCE VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-545216

**BEFORE:** Kilbane, J., Stewart, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** April 11, 2013

**ATTORNEY FOR APPELLANT**

Joseph F. Salzgeber
Foth & Foth Co., L.P.A.
11221 Pearl Road
Strongsville, Ohio 44136

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Kristen L. Sobieski
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Joseph Shelton, appeals from the order of the trial court that imposed a 12-year term of incarceration following his guilty plea to voluntary manslaughter and ordered it to be served consecutively to his term of four years of incarceration in Case No. CR-529582. For the reasons set forth below, we vacate Shelton's sentence and remand for imposition of the concurrent term.

{¶2} The record indicates that Shelton was indicted in Case No. CR-529582 on October 7, 2009, and charged with felonious assault, carrying a concealed weapon, and having a weapon while under disability. On May 5, 2010, he pled guilty to the felonious assault charge, and the remaining charges were dismissed. On September 8, 2010, he was sentenced to four years.

{¶3} The record further reflects that on December 29, 2010, Shelton was indicted in the instant matter pursuant to a two-count indictment in connection with the July 31, 2010 death of Trent Willis ("Willis"). Count 1 charged him with aggravated murder, with one- and three-year firearm specifications. Count 2 charged him with having a weapon while under disability. Shelton pled not guilty.

{¶4} On April 17, 2012, Shelton entered into a plea agreement with the State of Ohio whereby the State would amend Count 1 to voluntary manslaughter, the firearm specifications for this offense would remain, and Count 2 would be dismissed.

**{¶5}** At the plea hearing, the following transpired:

The Court: Going back to that case that you're serving the 4 years on [Case No. CR-529582], with regard to this matter, I can issue a consecutive or concurrent sentence in [this] case. I have indicated to counsel that I intend to issue a concurrent sentence with regard to that. I wanted to put that out there and let you know that the State will be objecting to that, but I'll run the sentence — it's my intention to run those concurrent to one another.

The Defendant: Yes, sir.

The Court: Besides the negotiations of the agreed sentence, have any threats or promises been made to you in order to get you to plea today?

The Defendant: No, sir.

* * *

The Court: [H]ow do you plead?

The Defendant: Guilty.

**{¶6}** The matter proceeded to sentencing on May 1, 2012. At that time, the court heard from the victim's family, and the defendant declined to speak. The prosecuting attorney informed the court that Shelton killed Willis while on bond in Case No. CR-529582. The court sentenced him to a total of 12 years of imprisonment. It also determined that a consecutive sentence is necessary, would not be disproportionate to the offenses, the harm was so great that a single term would not reflect the seriousness of the offense, and that consecutive sentences were necessary to protect the public. The court then ordered that the instant sentence be served consecutively to the four-year sentence in Case No. CR-529582.

**{¶7}** Defendant now appeals and assigns the following errors for our review:

Assignment of Error 1

The trial court committed reversible error by participating in the plea negotiations to the extent that defendant-appellant was promised that the agreed-upon prison sentence would be run concurrently with his existing prison sentence in another case, but then ordered those two sentences to instead be run consecutively.

Assignment of Error 2

The trial court erred and abused its discretion by denying defendant-appellant's motion to withdraw his guilty plea at the conclusion of his sentencing hearing, where that plea was not knowingly, intelligently and voluntarily made under the circumstances.

{¶8} As an initial matter, we note that pursuant to Crim.R. 11(C)(2), a trial court must personally address the defendant and determine whether the plea is voluntarily made with an understanding of the nature of the charges and the maximum penalty involved before it accepts a guilty plea to a felony offense. *State v. Walker*, 61 Ohio App.3d 768, 573 N.E.2d 1158 (8th Dist.1989).

{¶9} Participation by the trial court in the plea process must be scrutinized on appeal in order to determine whether it undermined the voluntariness of the plea. *Id*., citing *State v. Byrd*, 63 Ohio St.2d 288, 407 N.E.2d 1384 (1980), syllabus. If the court's active conduct "could lead a defendant to believe he cannot get a fair trial because the judge thinks that a trial is a futile exercise or that the judge would be biased against him at trial, the plea should be held to be involuntary * * *." *Id*., quoting *Byrd*, 63 Ohio St.2d at 293-294.

{¶10} If, however, the trial judge's participation in the plea bargaining was limited to promising a particular sentence, the case may be remanded for imposition of the promised sentence. *State v. Triplett*, 8th Dist. No. 69237, 1997 Ohio App. LEXIS 493 (Feb. 13, 1997); *State v. Bonnell*, 12th Dist. No. CA2001-12-094, 2002-Ohio-5882; *State v. Layman*, 2d Dist. No. 22307, 2008-Ohio-759. As explained in *State v. Blackburn*, 8th Dist. Nos. 97811 and 97812, 2012-Ohio-4590, ¶ 21, a plea agreement is a contract between the prosecution and a criminal defendant and is governed by principles of contract law. If one side breaches the agreement, the other side is entitled to rescission or specific performance. *Id.*

{¶11} The record reveals that the trial court stated the following to defendant before accepting his guilty plea:

> I have indicated to counsel that I intend to issue a concurrent sentence with regard to that. *I wanted to put that out there and let you know that the State will be objecting to that, but I'll run the sentence — it's my intention to run those concurrent to one another.* (Emphasis added.)
>
> The Defendant: Yes, sir.
>
> The Court: Besides the negotiations of the agreed sentence, have any threats or promises been made to you in order to get you to plea today?
>
> The Defendant: No, sir.

{¶12} The court's remarks demonstrate its clear involvement in the plea proceedings. The court's statements that it had "indicated to counsel that I intend to issue a concurrent sentence," and "wanted to put that out there," despite the fact that "the

State will be objecting," became part of the plea and communicated to the defendant that he would receive concurrent terms.

{¶13} In our view, the court's remarks, like the trial court's remarks in *Triplett,* led Shelton to justifiably believe that the agreed twelve-year sentence would be served concurrent to the sentence in Case No. CR-529582. As such, the court's participation was not so extensive as to undermine the voluntariness of the plea itself and does not render the plea involuntary. The second assignment of error is therefore without merit.

{¶14} Moreover, the court set forth a definite and specific sentence during the plea proceedings and, thus, became obligated to impose that particular sentence. *Accord Blackburn* at ¶ 22, citing *Triplett*; *Bonnell*; *Layman*. When the court later decided to order defendant to serve this sentence consecutively to the four-year sentence in Case No. CR-529582, the court acted contrary to its earlier statement, so the defendant is entitled to rescind the plea or obtain specific performance of the promised concurrent term. *Triplett*; *Layman*.

{¶15} Further, although the court did apply the analysis set forth in R.C. 2929.14(C) before it imposed the consecutive term, and apparently gave great weight to the fact that this offense was committed while defendant was on bond (and prior to his sentencing) in Case No. CR-529582, that fact was already established as of the April 17, 2012 plea hearing where the court informed defendant, on the record, that concurrent terms would be imposed for the offenses.

**{¶16}** In accordance with the foregoing, the first assignment of error is well taken.

**{¶17}** We vacate Shelton's sentence and remand this case for imposition of the concurrent term that the court stated it would impose and that the defendant justifiably relied on at the plea hearing on April 17, 2012.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

PATRICIA A. BLACKMON, J., CONCURS;
MELODY J. STEWART, A.J., CONCURS IN PART AND DISSENTS IN PART (SEE SEPARATE OPINION ATTACHED)

MELODY J. STEWART, A.J., CONCURRING IN PART AND DISSENTING IN PART:

{¶18} I agree with the majority's decision to reverse this case and vacate appellant's conviction. However, I would overrule his first assignment of error, sustain the second, and allow him to withdraw his guilty plea as not being knowingly, intelligently, and voluntarily made under the circumstances of this case.

{¶19} In Shelton's first assigned error, he argues that the court committed reversible error by participating in the plea negotiation and promising him that he would get a concurrent sentence, then ordering him to serve his two sentences consecutively. But the court did not promise Shelton concurrent sentences. After informing Shelton that it could order consecutive or concurrent sentences, the court clearly told Shelton that it intended to run his sentences concurrently. The court went on to note that even though the state would be objecting, it was still the court's "intention to run [the sentences] concurrent to one another." But the court's stated intention does not rise to the level of a promise, nor does it unequivocally indicate that concurrent sentences "would be imposed" as the majority states. Therefore, I would overrule the first assigned error.

{¶20} I would, however, sustain Shelton's second assigned error and allow him to withdraw his guilty plea. The analysis of this case is similar to that in *State v. Asberry*, 173 Ohio App.3d 443, 2007-Ohio-5436, 878 N.E.2d 1082 (8th Dist.), where this court reversed the decision of the trial court and ordered that the appellant be allowed to withdraw his guilty plea. We found that after the court's plea colloquy with Asberry, he could not "be said to have voluntarily and knowingly entered his guilty plea with an

understanding of the effects of [his] plea" under the circumstances of the case. *Id*. at ¶ 37. Similarly, in light of the trial court's repeated statements, with no contingencies, of its intent to impose concurrent sentences, Shelton cannot be said to have understood that the effect of his plea would result in consecutive sentences.