[Cite as *State v. Davenport*, 2012-Ohio-4013.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### DEFIANCE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 4-12-05

      v.

DERECK M. DAVENPORT,            O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 4-12-06

      v.

DERECK M. DAVENPORT,            O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Defiance County Common Pleas Court**
**Trial Court Nos. 08 CR 10401 and 08 CR 10352**

**Judgment Affirmed in Case No. 4-12-05;**
**Judgment Affirmed in Case No. 4-12-06 and Sentence Vacated in Part**

**Date of Decision: September 4, 2012**

Case No. 4-12-05, 4-12-06

APPEARANCES:

  *Clayton J. Crates*  for Appellant

  *Morris J. Murray and Russell R. Herman*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Dereck M. Davenport, appeals the judgments of the Defiance County Court of Common Pleas revoking his community control and imposing its previously reserved terms of imprisonment.  We affirm the trial court's judgments revoking Davenport's community control and imposing the reserved terms of imprisonment; however, we vacate the post-release control ("PRC") sanction in appellate case no. 4-12-06 (trial court case no. 08 CR 10401) and remand for an R.C. 2929.191 hearing for Davenport to be properly notified of his *mandatory* three-year PRC obligation under R.C. 2967.28(B)(3).

{¶2} Davenport pled guilty to one count of receiving stolen property in violation of R.C. 2913.51, a fifth degree felony, in Defiance County case no. 08 CR 10352.  (Doc. Nos. 1, 16, 20).  The trial court found Davenport guilty of one count of domestic violence in violation of R.C. 2919.25(A), a third degree felony, in Defiance County case no. 08 CR 10401.  (Doc. Nos. 2, 9).

{¶3} On June 30, 2009, the trial court sentenced Davenport to four years of community control in both cases and reserved a nine-month term of imprisonment

in case no. 08 CR 10352 and a five-year term of imprisonment in case no. 08 CR 10401. (Doc. Nos. 20, 13).

{¶4} On November 14, 2011, Amber Adams, Davenport's former fiancé and mother of his child, reported to the Van Wert County Sheriff's Office that Davenport physically assaulted her. (Dec. 21, 2011 Tr. at 9-10, 17, 28, 36-40). Van Wert County issued an arrest warrant, and Davenport subsequently turned himself in at the advice of his probation officer. (*Id.* at 7-8, 11). The Van Wert County charges were subsequently dismissed. (*Id.* at 7, 48).

{¶5} As a result of the November 14, 2011 domestic violence charges, the State filed motions to revoke Davenport's community control in Defiance County case nos. 08 CR 10352 and 08 CR 10401. (Doc. Nos. 31, 23).

{¶6} On December 21, 2011, the trial court held an adjudicatory hearing on the motion and found Davenport violated the conditions of his community control. (Dec. 21, 2011 Tr. at 58-59). Thereafter, the trial court revoked Davenport's community control and imposed its previously reserved terms of nine months of imprisonment in case no. 08 CR 10352 and five years of imprisonment in case no. 08 CR 10401. (*Id.* at 63); (Doc. Nos. 33, 25). The trial court ordered that Davenport serve the nine-month sentence in case no. 08 CR 10352 consecutively to the five-year sentence imposed in case no. 08 CR 10401 for an aggregate

sentence of five years and nine months.  (Dec. 21, 2011 Tr. at 63); (Doc. Nos. 33, 25).

{¶7} On January 20, 2012, Davenport filed notices of appeal from the trial court's judgment entries revoking his community control in both cases.  (Doc. Nos. 38, 35).  The appeal in Defiance County case no. 08 CR 10342 was assigned appellate case no. 14-12-05, and the appeal in Defiance County case no. 08 CR 10401 was assigned appellate case no. 14-12-06, which appeals were consolidated.

{¶8} Davenport now appeals raising two assignments of error.

### Assignment of Error No. I

**The Trial Court Violated Appellant's Right to Due Process to the Prejudice of Appellant by Finding that Appellant Violated the Terms of His Community Control after the Underlying Criminal Offense of which the Violation was Based upon was Dismissed.**

{¶9} In his first assignment of error, Davenport argues that the trial court erred by revoking his community control since the only alleged violation was the charge of domestic violence out of Van Wert County, which was dismissed.

{¶10} Generally, "parole may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or a conviction is overturned." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989). "However, if the dismissal of the criminal charges removes all factual support from the revocation, the revocation will not be upheld." *Flenoy v. Ohio Adult*

*Parole Authority*, 56 Ohio St.3d 131, 132 (1990), citing *Hickman*, *supra*; *Mack v. McCune*, 551 F.2d 251, 254 (10th Cir.1977).

{¶11} Davenport argues that this case is factually similar to *Rocky River v. Ghaster*, wherein the appellate court reversed the trial court's decision to revoke the defendant's community control. 8th Dist. No. 94559, 2011-Ohio-600. In that case the trial court found the defendant not guilty of violating the charges stemming from a violation of a temporary protection order ("TPO"), but nevertheless noted in its judgment entry that it would find defendant violated her community control based upon the same evidence since the burden of proof was only a preponderance of the evidence. *Id*. at ¶ 4. When the defendant objected that the trial court's comments exhibited prejudgment on the pending community control violations, two of the alleged community control violations were transferred for hearing by a different judge. *Id*. The transfer judge was to determine whether the defendant violated conditions four and nine of her community control; however, the parties stipulated at the hearing that the only violation at issue was the defendant's violation of condition nine, i.e., that she follow all of the terms of the TPO. *Id*. at ¶ 4, 7-8. The judge determined that the defendant, in fact, violated condition nine and extended her community control sanctions. *Id*. at ¶ 10. On appeal, the defendant argued that the trial court erred by not dismissing the alleged violation of community control based upon double

jeopardy. *Id*. at ¶ 12. The Court of Appeals for the Eighth District agreed. The Court concluded that since the parties stipulated that the violation of community control was based only upon the defendant's failure to follow the terms of her TPO, the trial court's previous not guilty finding removed all factual support for the community control violation. *Id*. at ¶ 18.

{¶12} This case is easily distinguishable from *Ghaster*, however, since the trial court herein did not enter a finding of not guilty on the underlying charges of domestic violence. Rather, once the State filed the community control violation in Defiance County, the domestic violence charges in Van Wert County were dismissed. The fact that the State chose not to prosecute the underlying charge and instead proceeded to revoke the defendant's community control does not remove all factual support from the revocation. *State v. Scott*, 2nd Dist. No. 95-CA-101, *3 (Mar. 7, 1997). Aside from that, the victim, Amber Adams, testified that Davenport grabbed her throat, held her mouth, and hit her across the face with an open hand, busting her lip open. (Dec. 21, 2011 Tr. at 20-23). Photographs of Adams taken by law enforcement the day of the incident corroborated Adams' testimony concerning the domestic violence incident. (State's Exs. 1-4). James Roehm of the Van Wert County Sheriff's office also testified that he observed Adams' injuries when she reported the incident on November 14, 2011. (Dec. 21, 2011 Tr. at 9-13). Although Davenport denied the allegations of domestic

violence on the stand, the trial court found that Davenport was "lying through his teeth." (Dec. 21, 2011 Tr. at 39-43, 59). Consequently, the trial court did not err by revoking Davenport's community control.

{¶13} Davenport's first assignment of error is, therefore, overruled.

**Assignment of Error No. II**

**The Trial Court Abused Its Discretion When It Revoked the Defendant's Community Control Sanctions and Sentenced Defendant to the Balance of his Suspended Prison Sentence.**

{¶14} In his second assignment of error, Davenport argues that the trial court abused its discretion by revoking his community control.

{¶15} "'Once the court finds a community control violation exists, we review the court's decision to revoke community control under an abuse of discretion standard.'" *State v. South*, 3d Dist. No. 14-07-40, 2010-Ohio-983, ¶ 8, quoting *State v. Belcher*, 4th Dist. No. 06CA32, 2007-Ohio-4256, ¶ 20. An abuse of discretion implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶16} The trial court did not abuse its discretion by revoking Davenport's community control. As previously noted, the State presented substantial evidence that Davenport committed the criminal offense of domestic violence in violation of his conditions of community control. Davenport had previously violated the conditions of his community control in February 2011 by consuming alcohol and

associating with a felon. (Case No. 08 CR 10401, Doc. Nos. 19-20; Case No. 08 CR 10352, Doc. No. 28). Davenport also had a theft offense for which the State did not file a motion to revoke his community control. (Dec. 21, 2011 Tr. at 61). Davenport was found delinquent for the following offenses: criminal mischief, felonious assault, domestic violence, unauthorized use of a motor vehicle, probation violation, escape, assault, disorderly conduct, criminal damaging, theft, unruly, curfew, disorderly conduct, criminal trespass, burglary, assault, and criminal damaging. (*Id*. at 62). As an adult, Davenport committed the following offenses: disorderly conduct, criminal trespass, theft, forgery, multiple domestic violence convictions, multiple community control violations, multiple driving under suspension convictions, passing bad checks, and receiving stolen property. (*Id*. at 62-63). During one incident of domestic violence, Davenport repeatedly punched his wife in the head, face, arms, and legs, for which he expressed no remorse stating "she got slapped around." (*Id*. at 62). During another incident of domestic violence, Davenport punched his pregnant girlfriend in the stomach after accusing her of having an affair with another man. (*Id*.). The trial court further noted that the criminal justice system gave Davenport multiple chances to rehabilitate short of imprisonment to no avail. (*Id*.). Based upon the foregoing, the trial court did not abuse its discretion by revoking Davenport's community control.

{¶17} Davenport's second assignment of error is, therefore, overruled.

{¶18} Although Davenports' assignments of error lack merit, we must vacate Davenport's PRC sanction in appellate case no. 4-12-06 (trial court case no. 08 CR 10401) and remand the case for an R.C. 2929.191 hearing to properly impose the mandatory three years of PRC as required by R.C. 2967.28(B)(3).

{¶19} "When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, paragraph one of the syllabus, superseded by statute as stated in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434. When post-release control is not properly included in a sentence for a particular offense, that portion of the sentence is subject to review and correction. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 27-28, modifying *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250. When presented with such a sentence, an appellate court may vacate that portion of the sentence and remand the matter for a resentencing hearing limited to the proper imposition of post-release control. *Id*. at ¶ 29, 40.

{¶20} In trial court case no. 08 CR 10401, Davenport was convicted of one count of domestic violence in violation of R.C. 2919.25(A), a third degree felony. At the community control revocation hearing for this case and case no. 08 CR

10352, the trial court advised Davenport that "[t]he Department of Corrections *may* subject you *up to* three years of post release control." (Dec. 21, 2011 Tr. at 64) (emphasis added). In its judgment entries, the trial court advised Davenport that "he *is* subject to a period *up to* three years of post-release control." (Dec. 22, 2011 JE, Doc. Nos. 33, 25) (Emphasis added). While the "up to" language was sufficient to provide Davenport notice of his *discretionary* three years of PRC for his fifth degree felony conviction in case no. 08 CR 10352 (appellate case no. 4-12-05), this language did not provide Davenport sufficient notice of his *mandatory* three years of PRC for his third degree felony domestic violence conviction in case no. 08 CR 10401 (appellate case no. 4-12-06). R.C. 2967.28(B)(3), (C). For a third degree felony wherein the offender caused or threatened physical harm to a person, post-release control is *mandatory* for three years. R.C. 2967.28(B)(3). *State v. Weems*, 192 Ohio App.3d 560, 2011-Ohio-721, ¶ 22 (F-3 domestic violence subject to mandatory three-years of PRC under R.C. 2967.28(B)(3)). *See also State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, ¶ 214. By using the terms "up to" and "may," the trial court did not provide Davenport notice that his post-release control obligation in case no. 08 CR 10401 (appellate case no. 4-12-06) was mandatory. *State v. Riggans*, 3d Dist. No. 1-09-56, 2010-Ohio-1254, ¶ 16; *State v. Perkins*, 3d Dist. Nos. 13-10-50, 13-10-51, 2011-Ohio-3129, ¶ 20. Consequently, we must vacate Davenport's PRC sanction in case no. 08 CR 10401

Case No. 4-12-05, 4-12-06

(appellate case no. 4-12-06) and remand this matter for an R.C. 2929.191 hearing for the limited purpose of properly imposing PRC.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court revoking Davenport's community control. Nevertheless, since the trial court failed to properly notify Davenport of his *mandatory* three-year PRC obligation under R.C. 2967.28(B)(3), we vacate Davenport's PRC sanction in case no. 08 CR 10401 (appellate case no. 4-12-06) and remand for an R.C. 2929.191 hearing.

*Judgment Affirmed in Case No. 4-12-05;*
*Judgment Affirmed in Case No. 4-12-06*
*and Sentence Vacated in Part*

**SHAW, P.J. and ROGERS, J., concur.**

**/jlr**