[Cite as *State v. Leugers*, 2018-Ohio-2808.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      CASE NO. 1-18-10

    PLAINTIFF-APPELLEE,

    v.

VERNON C. LEUGERS, JR.,        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR20040017

Judgment Reversed and Cause Remanded

Date of Decision: July 16, 2018

APPEARANCES:

    *Patrick T. Clark* for Appellant

    *Jana E. Emerick* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Vernon C. Leugers, Jr. ("Leugers") brings this appeal from the judgment of the Court of Common Pleas of Allen County overruling Leugers' motion to vacate his post-release control. For the reasons set forth below, the judgment is reversed.

{¶2} On August 11, 2004, Leugers entered into a negotiated plea agreement in which he pled guilty to three counts of gross sexual imposition, one count of disseminating matter harmful to a juvenile and one count of attempted pandering of sexually oriented matter involving a minor. Doc. 69. In exchange, the prosecution dismissed all other pending charges. *Id.* In the paperwork for the plea agreement, Leugers was informed that he would be subject to a mandatory term of five years of post-release control. *Id.* At the change of plea hearing, Leugers was advised about post-release control. Tr. 8-9. The trial court specifically told him that "if you get a prison sentence you will be supervised after prison for up to five years under post-release control." Tr. 8. The sentencing hearing was scheduled for a later date. Tr. 22.

{¶3} A sentencing hearing was held on October 7, 2004. Tr. 25. Leugers was sentenced to a three-year prison term on each count with the sentences ordered to be served consecutively for an aggregate prison term of fifteen years. Tr. 51. No discussion of post-release control occurred during the sentencing hearing. The sentencing entry, however, indicated that Leugers was "subject to such further

-2-

period of supervision under POST RELEASE CONTROL as the parole board may determine pursuant to law (up to 5 years)." Doc. 77 at 4.

{¶4} On January 8, 2018, Leugers filed a motion to vacate the post-release control portion of his sentence. Doc. 136. The motion argued that the post-release control sanction was void because it was not imposed at the sentencing hearing and was not properly imposed in the journal entry. *Id.* Additionally, Leugers argued that since he had already completed his prison term, the post-release control sanction could not be made valid. *Id.* The State did not file a response to the motion. Doc. 137. On January 24, 2018, the trial court overruled the motion. *Id.* Leugers appeals from this judgment and raises the following assignment of error on appeal.

> **The trial court erred as a matter of law when it denied [Leuger's] motion to vacate his improperly imposed post-release control.**

{¶5} The sole assignment of error claims that the trial court should have granted the motion pursuant to the holdings in *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.2d 700 and *State v. Davenport*, 3d Dist. Defiance Nos. 4-12-05, 4-12-06, 2012-Ohio-4013. Leugers argues that since he was not properly sentenced to post-release control, it must be vacated. The State concedes that Leugers was improperly sentenced to post-release control and that it must be vacated.

**{¶6}** In *Grimes*, the Supreme Court of Ohio considered what information must be included in a sentencing entry to validly impose a post-release control sanction. The Court held as follows.

> **[T]o validly impose [post-release] control when the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information: (1) whether [post-release] control is discretionary or mandatory, (2) the duration of the [post-release] control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the [post-release] control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of [post-release] control will subject the offender to the consequences set forth in that statute.**

*Grimes* at ¶ 1. Grimes also provided that a trial court "has a statutory duty to provide notice of [post-release] control at the sentencing hearing" and that "any sentence imposed without such notification is contrary to law." *Id.* at ¶ 8 quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. "[W]hen a judge fails to impose statutorily mandated [post-release] control as part of a defendant's sentence, that part of the sentence is void and must be set aside." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. Because the portion of the sentence related to post-release control is void, principles of res judicata do not apply and the matter may be reviewed at any time, either on direct appeal or by collateral attack. *Id.* at ¶ 30 and *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.2d 234, ¶ 22.

{¶7} This court has held likewise in *Davenport*. In *Davenport*, the defendant challenged the revocation of his community control sanctions. *Davenport, supra* at ¶ 1. This court overruled the two assignments of error regarding the revocation, but sua sponte vacated the imposition of post-release control. *Id*. at ¶ 18. This was based upon the fact that the defendant was advised that he "may" be subject "up to three years" of post-release control. *Id*. at ¶ 20. In the judgment entry, the trial court again advised the defendant that he was subject to a period of post-release control "up to" three years. *Id*. This court determined that use of the terms "up to" only notifies a defendant of a discretionary term, not a mandatory term. *Id*. "By using the terms 'up to' and 'may,' the trial court did not provide [the defendant] notice that his post-release control obligation * * * was mandatory." *Id*. Based upon that error, the imposition of post-release control had to be vacated.

{¶8} In this case, the record shows that no discussion of post-release control occurred at the sentencing hearing, though it was discussed at the change of plea hearing. Although the plea agreement itself stated that post-release control was a mandatory term of five years, that is not what the trial court advised Leugers at the change of plea hearing. The trial court specifically told him that post-release control was "up to" five years, implying that the term was discretionary. Additionally, no advisement was made at the sentencing hearing. Thus, the only advisement by the trial court as to post-release control was not proper. In the journal entry, the trial court indicated that Leugers was subject to a post-release control term of "up to"

five years. This language does not provide the proper notice that the post-release control is mandatory. Thus, pursuant to the holdings in *Grimes* and *Davenport*, the portion of the sentence imposing post-release control was void and must be vacated.

**{¶9}** The remedy for the failure to properly impose post-release control is generally to remand the matter for a new sentencing hearing on the limited issue of properly imposing post-release control. *See Davenport*. However, in this case, Leugers alleges that he has completed his sentence. The Supreme Court of Ohio "has consistently and repeatedly held that a trial court loses jurisdiction to resentence a defendant for the purpose of imposing [post-release] control once the defendant has served his entire sentence of incarceration". *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 5. "[O]nce an offender has completed the prison term imposed in his original sentence, he cannot be subjected to another sentencing to correct the trial court's flawed imposition of [post-release] control." *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70. If Leugers has completed his prison term of the original sentence, the trial court has lost the jurisdiction to correct the flawed imposition of post-release control. The trial court therefore should have determined whether Leugers had completed his prison term. If Leugers had not completed his prison term, then the trial court should have conducted a new sentencing hearing on the limited issue of properly imposing post-release control. If Leugers had completed his prison term, the trial court should have granted Leugers' motion to vacate the post-release

control portion of his sentence. Based upon the current status of the law in Ohio, the assignment of error is sustained.

{¶10} Having found error prejudicial to the Appellant, the judgment of the Court of Common Pleas of Allen County is reversed and the matter is remanded for further proceedings in accord with this opinion.

*Judgment Reversed*
*And Cause Remanded*

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**