[Cite as *State v. Miller*, 2018-Ohio-3713.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,              CASE NO. 10-18-07

    v.

KEITH L. MILLER,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Mercer County Common Pleas Court
Trial Court No. 17-CRM-067

Judgment Affirmed

Date of Decision: September 17, 2018

APPEARANCES:

    *Bryan Scott Hicks* for Appellant

    *Matthew K. Fox and Joshua A. Huhlenkamp* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-Appellant Keith L. Miller (herein referred to as "Appellant") appeals the judgment of the Mercer County Common Pleas Court convicting him of one count of Aggravated Possession of Drugs, in violation of R.C. 2925.11(A), 2929.11(C)(1)(a), and sentencing him to twelve (12) months of incarceration at the Ohio Department of Rehabilitation and Corrections. On appeal, Appellant argues that the trial court: 1) failed to give post release control warnings before accepting Appellant's plea; 2) failed to give adequate post release control warnings at sentencing; 3) improperly considered the severity factors of the offense; 4) was indecipherable on its recidivism analysis; and 5) stated that prison was not appropriate but sentenced Appellant to prison. For the reasons that follow, we overrule Appellant's assignments of error and affirm the judgment of the Mercer County Common Pleas Court.

*Background*

{¶2} On July 14, 2017, Appellant was indicted by the Mercer County Grand Jury on one count of aggravated possession of drugs, a felony of the fifth degree, in violation of R.C. 2925.11(A); 2929.11(C)(1)(a). (Doc. No. 1). On July 25, 2017, Appellant was released by the trial court on an OR bond. (Doc. No. 7). As part of his OR bond, Appellant was subject to the following conditions: 1) Do not consume alcohol/drugs; 2) be subject to random testing; 3) do not violate any federal, state,

or local laws; and 4) do not be in any establishment that serves alcohol by the drink. (Doc. No. 7).

{¶3} On November 15, 2017, Appellant submitted to a drug test pursuant to the terms of his bond and tested positive for Amphetamines, methamphetamines, THC, and alcohol. (Doc. No. 32). As a result of failing his drug screen, Appellant's OR bond was revoked. (*Id.*). However, on December 13, 2017, the trial court granted Appellant another OR bond, and added the following additional conditions to its prior bond: 1) maintain residence at 900 South Elm Street, Celina, Ohio 45822; and 2) obtain/maintain employment. (Doc. No. 40).

{¶4} On January 2, 2018, the State of Ohio filed a second request to revoke Appellant's bond, alleging that Appellant was arrested for domestic violence and refused to submit to a drug/alcohol test at the time of that arrest. (Doc. No. 45). Acting on the motion (to revoke Appellant's bond), the trial court issued a bench warrant for his arrest. (Doc. Nos. 46, 50). Appellant was arrested on January 5, 2018. (Doc. No. 50).

{¶5} On January 10, 2018, Appellant appeared before the trial court for a change of plea hearing, changing his previous plea of "not guilty" to "guilty" to the one count of aggravated possession of drugs. (*Id.*). At that hearing, a negotiated plea agreement was submitted to the trial court. (Doc. No. 56). In the plea agreement Appellant was informed that by pleading guilty he faced the potential of

twelve (12) months in prison, a fine of $2,500, and a driver's license suspension of five (5) years. (*Id.*). The plea agreement also contained a paragraph advising Appellant of the potential for post-release control (also known as "PRC").

**{¶6}** The Appellant signed the plea agreement and a waiver of his constitutional rights prior to entering his plea of guilty. (Doc. Nos. 55, 56). The Appellant also represented to the trial court, in open court, that he understood the waiver of his constitutional rights and the terms of the plea agreement. (Change of Plea Hearing, 01/10/2018 Tr. at 11-12). Upon accepting the plea agreement and waiver, the trial court found Appellant guilty of one count of aggravated possession of drugs and continued the matter for sentencing. (*Id.* at 12; Doc. No. 60).

**{¶7}** On February 14, 2018, Appellant appeared for sentencing and was sentenced by the trial court to twelve (12) months in prison and be subject to post release control for a period of three years. (Doc. No. 65). Appellant timely appealed, and presents the following assignments of error for review:

<u>**ASSIGNMENT OF ERROR NO. I**</u>

**THE TRIAL COURT FAILED TO GIVE POST RELEASE CONTROL WARNINGS BEFORE ACCEPTING A PLEA.**

<u>**ASSIGNMENT OF ERROR NO. II**</u>

**THE TRIAL COURT FAILED TO GIVE ADEQUATE POST RELEASE CONTROL WARNINGS AT SENTENCING.**

## ASSIGNMENT OF ERROR NO. III

**THE TRIAL COURT IMPROPERLY CONSIDERED THE SEVERITY FACTORS OF THE OFFENSE.**

## ASSIGNMENT OF ERROR NO. IV

**THE TRIAL COURT IS INDECIPHERABLE ON ITS RECIDIVISM ANALYSIS.**

## ASSIGNMENT OF ERROR NO. V

**THE TRIAL COURT STATES THAT PRISON IS NOT APPROPRIATE BUT THEN SENTENCES TO PRISON.**

{¶8} For ease of analysis, we elect to discuss interrelated assignments of error together.

### *Appellant's First Assignment of Error*

{¶9} In his first assignment of error, Appellant argues that the trial court did not provide him with any post release control warnings before accepting his plea. Specifically, Appellant argues that the trial court failed to substantially comply with sentencing guidelines, rendering his plea invalid. For the reasons that follow, we disagree.

### *Standard of Review*

{¶10} Pursuant to Crim.R. 11(C), a guilty or no contest plea must be entered knowingly, voluntarily, and intelligently. *State v. Billenstein,* 3rd Dist. Mercer No. 10-13-10, 2014-Ohio-255, ¶ 48. "Crim.R. 11(C) requires the trial judge, before accepting a guilty or no contest plea in a felony case, to inform the defendant of

several rights enumerated under the rule, making sure the defendant understands the nature of those rights." *Id.* citing *State v. Stewart,* 51 Ohio St. 2d, 86, 88, 364 N.E.2d 1163 (1977). A trial court's failure to ensure that a plea has been entered knowingly, voluntarily, and intelligently renders the plea unconstitutional. *Id.* citing *State v. Engle,* 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450.

**{¶11}** "In determining whether the trial court has correctly followed the requirements of Crim.R. 11(C), the reviewing court must find substantial compliance." *State v. Moll,* 3rd Dist. Defiance No. 4-14-17, 2015-Ohio-926, ¶ 10. "'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *Id.* quoting *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "In order to prevail on a claim that a plea was not made knowingly, voluntarily, and intelligently, the defendant must demonstrate a prejudicial effect." *Id.* "In order to demonstrate prejudice, the defendant must show that the plea would not have been otherwise made." *Id.*

*Analysis*

**{¶12}** In our review of the transcript (of Appellant's change of plea hearing), we agree with Appellant that the trial court failed to advise him of post release control. (*See,* Change of Plea Hearing, 01/10/2018 Tr.). Appellant argues that because of such failure, his plea must be vacated. In support of this argument,

Appellant directs us to the Ohio Supreme Court's decision in *State v. Sarkozy*. In *Sarkozy,* the trial court did not inform the defendant: 1) that post release control would be part of the sentence imposed; 2) of the length of post release control; and 3) of the consequences for violating post release control. *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 4. Sarkozy argued that his plea was invalid because it was not made knowingly, voluntarily, and intelligently. *Id.* at ¶ 6. Even though the appellate court found that the trial court substantially complied with Crim.R. 11 in accepting the defendant's plea, the Ohio Supreme Court reversed, holding that the complete failure to advise a defendant that his sentence will include a *mandatory* term of post release control requires that the reviewing court must vacate the plea and remand the cause to the trial court. (Emphasis added). *Id.* at ¶ 21; 25.

{¶13} The case before us is distinguishable from *Sarkozy*. Specifically, in *Sarkozy* the defendant faced a *mandatory* period of post release control by pleading guilty to three first-degree felony offenses. *Id.* at ¶ 11. However, in the case *sub judice,* Appellant was facing a *non-mandatory* period of post release control by pleading guilty to just one fifth-degree felony offense. (*See,* Doc. Nos. 1; 56). In *Sarkozy* there was no mention of a plea colloquy or written plea agreement involving the defendant. Here, the Appellant executed a "Waiver of Constitutional Rights Prior to Entering a Plea of Guilty" (the "Waiver") and a "Negotiated Plea

Case No. 10-18-07

Agreement" (the "Plea Agreement") which contained the following notifications regarding post release control:

> Further, the undersigned Defendant in the above-captioned case, being represented by counsel, by signing below certifies that he has read this document and further does acknowledge notification, knowledge, and understanding of the following components of sentencing which shall apply if the Court determines at the sentencing hearing that a prison term is necessary or required:
>
> 1.  That the Court shall impose a state prison term;
>
> 2.  That the Parole Board may extend the stated prison terms if the Defendant commits any criminal offense under the law of this State or the United States while serving the prison term, that the extension will be done administratively as part of the Defendant's sentence in accordance with Section 2967.11 of the Ohio Revised Code and may be for fifteen, thirty, sixty or ninety days for each violation, that all extensions of any stated prison term for all violations during the course of the term may not exceed one-half of the term's duration, and that the sentence so imposed automatically includes any extension of the stated prison term by the Parole Board;
>
> 3.  That if the Defendant is being sentenced for a felony of the first degree, or a felony of the second degree, for a felony sex offense, as defined in Section 2967.28 of the Revised Code, or for a felony of the third degree that is not a felony sex offense and in the commission of which the Defendant caused or threatened to cause physical harm to a person, that a period of post-release control pursuant to Section 2967.28 of the Revised Code will be imposed following the Defendant's release from prison;
>
> 4.  That if the Defendant is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to Paragraph 3 above, that a period of post-release control pursuant to Section 2967.28 of the Revised Code may be imposed following the Defendant's release from prison;

-8-

5. That if a period of post-release control is imposed following the Defendant's release from prison as described above and if the Defendant violates a post-release control sanction imposed as a component of the post-release control including the mandatory notice to the prosecuting attorney of pending release of prisoners serving sentences for committing felonies of the first, second, or third degree as described in the Ohio Revised Code Section 2967.121(A), all of the following apply:

   a. The Adult Parole Authority or the Parole Board may impose a more restrictive post-release control sanction.

   b. The Parole Board may increase the duration of the post-release control subject to the specified maximum.

   c. The more restrictive sanction that the Parole Board may impose may consist of a prison term, provided that the prison term cannot exceed nine months for each violation and the maximum cumulative prison term so imposed for all violations during the period of post-release control cannot exceed one-half of the stated prison term originally imposed by the Trial Court upon the Defendant.

   d. If the violation of the sanction is a felony, the Defendant may be prosecuted for the felony and in addition to any sentence it imposes on the Defendant for the new felony, the Court may impose a prison term, subject to a specified maximum for the violation.

(Doc. No. 55). At the end of the document, the final clause stated:

I further state that I understand the information given to me by the Court, and with such knowledge and understanding I respectfully request the Court to accept my plea of guilty to the above-described charge(s).

(*Id.*).  Appellant's signature is found below this paragraph at the end of the document.  (*Id.*).

**{¶14}** Furthermore, the Plea Agreement executed by Appellant in open court contains the following post release control notification:

> **POST RELEASE CONTROL.**  In addition, a period of supervision by the Adult Parole Authority after release from prison may be mandatory in this case.  If I am sentenced to prison for a felony 1 or felony sex offense, after my prison release I will have a mandatory 5 years of post release control under conditions determined by the Parole Board.  If I am sentenced to prison for a felony 2 or 3 which involved causing or threatening physical harm, I will have mandatory post release control of 3 years.  If I received prison for any other felony 3, felony 4, or felony 5, I may be given up to 3 years of post release control.  A violation of post release control, rule or condition can result in a more restrictive sanction while I am under post release control **AND/OR** increased duration of supervision or control, up to the maximum term, **OR** re-imbursement even though I have served the entire state prison term imposed upon me by this Court for all offenses.  If I violate conditions of supervision while under post-release control, the Parole Board could return me to prison for up to nine months for each violation, for a total of ½ of my originally stated prison term.  If the   violation is a new felony, I could receive a prison term of greater of one year or the time remaining on post release control, in addition to any other prison term imposed for the offense.

(Emphasis sic).  (Doc. No. 56).  Appellant's signature also appears at the end of this document.  (*Id.*).

**{¶15}** At Appellant's plea hearing, the trial court discussed the terms of the Waiver and the Plea Agreement with Appellant.  Specifically, the trial court conducted the following inquiry with Appellant regarding the terms of the Plea Agreement at the change of plea hearing:

**The Court: Mr. Miller, do you understand the terms of the proposed plea agreement?**

**Appellant: Yes, Your Honor.**

**The Court: Is that your agreement as to how you want the Court to proceed in your case?**

**Appellant: Yes, Your Honor.**

(Change of Plea Hearing, 01/10/2018 Tr. at 4).

{¶16} Later in that hearing, the following discussion occurred in regards to

Appellant's Waiver and Plea Agreement:

**The Court: You have there at counsel table a written waiver of constitutional rights. You've told me you want to waive those rights. To memorialize that and make a record of it, if you'll review that with Mr. Luth [Appellant's trial counsel], he will indicate when you've signed it, so the Court may proceed.**

**Q. (Questioning by Mr. Luth) Mr. Miller, do you understand all the rights explained to you by Judge Ingraham today?**

**A. Yes.**

**\* \* \***

**Q. Is it your decision then to waive the constitutional rights and go forward?**

**A. Yes.**

**Q. If that's true, sign the paper. And then also we have what is known as a waiver of constitutional rights that you signed, correct?**

**A. Yes.**

-11-

**Q. Any questions about that waiver?**

**A. No, sir.**

**Q. Then we have also the negotiated plea agreement. You understand all the terms of the plea agreement?**

**A. Yes.**

(*Id.* at 11-12).

{¶17} Given the foregoing, we find that the case before us is distinguishable from *Sarkozy* because the Appellant not only indicated in writing that he understood the terms of post release control (as set forth in the Waiver and the Plea Agreement) but also because he told the trial court that he understood *all* of his rights and *all* of the terms in the plea agreement. Thus, under the totality of the circumstances, we find that the trial court substantially complied with Crim.R. 11(C) and that Appellant's plea was made knowingly, voluntarily, and intelligently.

{¶18} Moreover, we note that this decision is consistent with the Second District Court of Appeal's recent decision in *State v. Camp*. *State v. Camp,* 2nd Dist. Clark No. 2017-CA-73, 2018-Ohio-2964. Akin to the case *sub judice*, Camp was not orally advised of post release control during his change of plea hearing. *Id.* at ¶ 3. Unlike Appellant, Camp faced a mandatory period of post release control for his first and third degree felony convictions. *Id.* Nevertheless, the Second District Court of Appeals found that the trial court substantially complied with Crim.R. 11(C), given the signed plea form (containing post release control warnings) and

Camp's representation to the trial court that he understood the terms in the plea agreement. *Id.* at ¶ 3-4, 16.

{¶19} Finally, we are cognizant of the fact that Appellant does not argue that he would not have entered his guilty plea if he had been orally advised regarding the terms of post-release control of the consequences for violating post release control. Thus, Appellant cannot demonstrate a prejudicial effect. As the record reveals substantial compliance with Crim.R. 11(C), Appellant's first assignment of error is overruled.

### *Appellant's Second Assignment of Error*

{¶20} In his second assignment of error, Appellant argues that the trial court failed to give adequate post release control warnings at sentencing. Further, Appellant argues that because the trial court gave "inaccurate" and "incomplete" post release control warnings, his sentence is void and a new sentencing hearing is required. For the reasons that follow, we disagree.

### *Standard of Review*

{¶21} "Post[]release control is a period of supervision that occurs after a prisoner has served his or her prison sentence and is released from incarceration, during which the individual is subject to specific sanctions with which he or she must comply." *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 35. "'A trial court has a statutory duty to provide notice of post[]release

control at the sentencing hearing.'" *State v. Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8 quoting *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23, *superseded by statute as stated in State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶¶ 22-23. A sentence imposed without post release control notifications is contrary to law. *Id.* As a trial court speaks through its journal entry, it is required to incorporate notice into its journal entry imposing sentence. *Id.* When a judge fails to impose statutorily mandated post-release control as part of a defendant's sentence, that part of the sentence is void and must be set aside. *State v. Leugers,* 3rd Dist. Allen No. 1-18-10, 2018-Ohio-2808, ¶ 6.

*Analysis*

**{¶22}** Pursuant to R.C. 2929.19(B)(2)(d), an offender must be notified at sentencing that he "may" be supervised under R.C. 2967.28 after he leaves prison if the offender is being sentenced for a felony. *Grimes* at ¶ 9. An offender "may" be supervised if he or she has been convicted of a less serious felony for which the Adult Parole Authority has discretion to impose post release control. *Id.*; *see also* R.C. 2929.19(B)(2)(d) and 2967.28(C). Additionally, the trial court must notify the offender at the sentencing hearing that if he or she violates the supervision, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed upon the offender as part of his or her sentence. *Id.*

{¶23} Our review of the record reveals that the trial court issued the following advisement to the Appellant at the sentencing hearing:

> **The Court: Then the Court is going to impose a prison term of 12 months, * * * with notice that you could be placed under community – post-release control when you finish that prison term. And, if you are and violate post-release control, you could be returned to prison for up to one half of that 12-month sentence or an additional six months.**

(Sentencing, 02/14/2018 Tr. at 6). And, when the State asked the trial court (at the hearing) what the length of post release control would be, the trial court declared that the period of post release control could be up to three (3) years. (*Id.* at 7).

{¶24} The trial court incorporated this warning into Appellant's sentencing entry, which provided as follows:

> The Court informed the offender that upon release from prison, the offender may be required to serve a discretionary Three (3) year period of post-release control pursuant to R.C. 2967.28 under the supervision of the parole board. For violation of post release control conditions, the Adult Parole Authority or Parole Board could under R.C. 2967.28(F)(3) impose a more restrictive or longer control sanction up to the maximum post-release control sanction authorized for such offense, or return defendant to prison for up to Six 6 months (**50% of the sentence imposed by the Court**). If the violation is a felony, it may also be prosecuted. In addition to any sentence the Court imposed for a new felony, the Court may also impose a prison term, subject to a specified maximum, for the violation.

(Emphasis sic). (Doc. No. 65).

{¶25} Appellant argues that the trial court failed to orally advise him, at the sentencing hearing, that if he were to be placed on post release control and if he

committed a new felony, he could be subject to a sanction of up to twelve (12) months or whatever time was remaining of the three years, whichever was greater, and that any time imposed would be mandatorily consecutive to any prison time on the new felony.

{¶26} The record before us demonstrates that the Appellant was notified at sentencing: 1) that he could be placed on post release control when he completed his prison sentence; and 2) that if he violated post release control, he could be returned to prison for six months, or one half of his original prison sentence. And, consistent with *Grimes,* Appellant received the requisite notifications when he was sentenced and such notifications were incorporated into the trial court's sentencing entry. As stated in *Grimes,* the "preeminent purpose of R.C. 2967.28" is to notify "offenders subject to post release control [***] at sentencing that their liberty could continue to be restrained after serving their initial sentence," and we conclude that the trial court accomplished this primary purpose of notice in Appellant's case. *See generally, Grimes* at ¶ 14 citing *Watkins v. Collins,* 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 52. Thus, we overrule Appellant's second assignment of error.

### *Appellant's Third & Fifth Assignment of Error*

{¶27} In his third assignment of error, Appellant argues that the trial court improperly considered the severity factors of the offense. Specifically, Appellant

argues that trial court committed reversible error in finding that his conviction for aggravated possession of drugs was part of an organized criminal activity. In his fifth assignment of error, Appellant argues that his sentence is contrary to law because the trial court found that a prison term was *not* consistent with the principles and purposes of sentencing and then imposed the maximum prison sentence. For the reasons that follow, we disagree.

*Standard of Review*

{¶28} "In reviewing the sentencing decision of a trial court, an appellate court must 'review the factual findings of the trial court under R.C. 2953.08(G)'s 'clear and convincing' standard, *and* that the appellate record is not complete until such findings have been made.'" (Emphasis sic). *State v. Woodruff,* 3rd Dist. Union No. 14-04-07, 2004-Ohio-3547, ¶ 4 quoting *State v. Martin,* 136 Ohio App.3d 355, 361, 1999-Ohio-814, 736 N.E.2d 907. A sentence will not be disturbed on appeal "absent a showing by clear and convincing evidence that the trial court committed one of the errors described by R.C. 2953.08(G): the sentence is unsupported by the record; the procedure of the sentencing statutes was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law." *Id.*

{¶29} "In determining what sentence to impose upon a defendant, a trial court is 'granted broad discretion in determining the most effective way to uphold'

the two overriding purposes of felony sentencing: 'to protect the public from future crime and to punish the offender.'" *Id.* at ¶ 5 quoting *State v. Avery,* 126 Ohio App.3d 36, 50, 709 N.E.2d 875 (3rd Dist.1998). "However, although the Revised Code provides discretion to a trial court in determining the most effective way to comply with the purposes and principles of sentencing, in exercising that discretion, a trial court must comply with the various sentencing statutes." *Id.* "In accordance with these statutes, trial courts are required 'to make various findings before properly imposing a felony sentence.'" *Id.* quoting *State v. Alberty,* 3rd Dist. Allen No. 1-99-84, 2000-Ohio-1671, * 2. "[T]he trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.14, and 2929.19, in effect, determine a particular sentence, and a sentence unsupported by these findings is both incomplete and invalid." *Id.*

*Severity Factors Analysis*

{¶30} At the outset, we note that "[t]he defendant bears the burden of showing by clear and convincing evidence that the trial court's sentencing is not supported by the record or is contrary to law." *State v. Ramos,* 3rd Dist. Defiance No. 4-06-24, 2007-Ohio-767, ¶ 18. To meet this burden, Appellant argues that the trial court erroneously found that his aggravated possession of drugs conviction qualified as "organized criminal activity." Appellant directs us to the transcript of the sentencing hearing, wherein the trial court found that the Appellant "committed

this offense [aggravated possession of drugs] as part of organized criminal activity." (Sentencing, 02/14/2018 Tr. at 4). Appellant further directs us to the trial court's sentencing entry, which stated:

> Pursuant to R.C. 2929.12(B), the Court considered the following factors which it determined applied, indicating that the defendant's conduct is **more serious** than the conduct normally constituting the offense:
>
> The offender committed the offense for hire or as part of organized criminal activity.

(Emphasis sic). (Doc. No. 65).

**{¶31}** Lastly, Appellant directs us to our previous decision in *State v. Woodruff,* wherein we held that definition of "organized criminal activity" provided in R.C. 177.01(E)(1) specifically excluded a minor drug possession offense. *Woodruff,* at ¶ 11. And, because the organized criminal activity finding was the only factor under the "more serious" findings of the trial court, Appellant asserts that the trial court imposed a sentence contrary to law. We disagree.

**{¶32}** Unlike the defendant in *Woodruff,* the trial court here made additional findings to support its imposition of the maximum prison term for Appellant's conviction. Specifically, the trial court found:

> **Trial Court: Court acknowledges this is a felony five internal possession case, however, the Defendant [Appellant]** *is prison eligible, since he violated the terms and conditions of his bond twice and had his bond revoked for having done so***, and this was part of organized criminal activity.**

(Emphasis added). (Sentencing, 02/14/2018 Tr. at 4). Even though the trial court may have over-reached in finding that Appellant committed his offense as part of organized criminal activity, the record reveals that the trial court made additional findings supporting its sentence. Moreover, the record demonstrates that during the pendency of his case, Appellant violated the terms of his bond twice, testing positive for illegal drugs once, and was arrested for domestic violence once. (*See,* Doc. Nos. 32; 45). As such, we find that the trial court exercised its discretion in its sentence of the Appellant and any reference that the Appellant being a part of "organized criminal activity" was harmless error.[1]

{¶33} Accordingly, Appellant has not carried his burden of showing by clear and convincing evidence that the trial court's sentence was not supported by the record or was contrary to law, and we overrule the third assignment of error.

*Imposition of a Prison Sentence Analysis*

{¶34} In his fifth assignment of error, Appellant asserts that the trial court erred by sentencing him to prison despite its finding that prison was not consistent with the purposes and principles of R.C. 2929.11. We disagree.

{¶35} When reviewing the trial court's findings in context with the entire sentencing hearing, we find the prison sentence imposed was not contrary to law.

---

[1] A harmless error is any error, defect, irregularity, or variance which not does not affect substantial right. *State v. Wilson,* 3rd Dist. Allen No. 1-09-53, 2010-Ohio-2947, ¶ 26; Crim.R. 52(A). Furthermore, a harmless error does not affect the outcome of the case and, thus, does not warrant a judgment to be overturned or set aside. *Id.*

Specifically, the trial court issued the following statement at Appellant's sentencing hearing:

> **The Court: Mr. Miller, with your lack of prior felony conduct, the Court believes that a prison term is not consistent with the purposes and principles of Ohio Revised Code Section 2929.11. In light of your underlying conduct that brought about this offense, the Court's concern is, and as the law supports, you weren't able to comply with the terms and conditions of your bond while this case was pending, to the extent that you violated the terms and conditions of your bond twice.**

(Sentencing, 02/14/2018 Tr. at 5-6).

{¶36} "R.C. 2929.13(B)(1)(b) gives trial courts discretion to impose a prison sentence if any of the criteria in R.C. 2929.13(B)(1)(b)(i)-(xi) apply." *State v. Winstead,* 2nd Dist. Greene No. 2015-CA-13, 2015-Ohio-5391, 55 N.E.3d 447, ¶ 15. One of the criteria under R.C. 2929.13(B)(1)(b) is that "[t]he offender violated a term of the conditions of bond as set by the court." *Id.* quoting R.C. 2929.13(B)(1)(b)(iii).

{¶37} Given his multiple bond violations while his case was pending, we find Appellant's argument disingenuous that the trial court's sentence was not consistent with the principles and purposes of R.C. 2929.11. Even though Appellant did not have a prior felony record, it is questionable that Appellant would be amenable to community control sanctions due to his conduct while his case was pending. Furthermore, when Appellant was given the opportunity to explain his multiple bond violations, he failed to respond. (*Id.* at 6). Since the trial court was

in the better position to judge the defendant's likelihood of recidivism, we will not disturb that judgment on appeal. *See, State v. Parson,* 3rd Dist. Auglaize No. 2-10-27, 2011-Ohio-168, ¶ 14 (holding that the trial court is in the better position to judge the defendant's likelihood of recidivism).

**{¶38}** Because there is clear and convincing evidence in the record supporting the trial court's prison sentence of the Appellant, we overrule the fifth assignment of error.

*Appellant's Fourth Assignment of Error*

**{¶39}** In his fourth assignment of error, Appellant argues that the trial court was indecipherable on its recidivism analysis. Specifically, Appellant asserts that the trial court found that Appellant had been adjudicated a delinquent, and then subsequently found that Appellant had not been adjudicated a delinquent. For the reasons that follow, we overrule Appellant's fourth assignment of error.

*Standard of Review*

**{¶40}** "In general, 'a court speaks only through its journal entries.'" *Wootten v. Culp,* 4th Dist. Adams No. 16CA1026, 2017-Ohio-665, 85 N.E.3d 198, ¶ 34 quoting *Infinite Sec. Sols., L.L.C. v. Karam Properties, II, Ltd.,* 143 Ohio St.3d 346, 2015-Ohio-1101, 37 N.E.3d 1211, ¶ 29. "'Neither the parties nor a reviewing court should have to review the trial court record to determine the court's intentions; rather, the entry must reflect the trial court's action in clear and succinct terms.'"

*Id.* quoting *Infinite Sec. Sols.* at ¶ 29. However, "'although a court generally speaks only through its journal entries, the reviewing court must examine the entire entry and proceedings when it is in the interest of justice to ascertain the grounds upon which a judgment is rendered.'" *Id.* quoting *State v. Nguyen*, 4th Dist. Athens No. 14CA42, 2015-Ohio-4414. ¶ 28.

*Analysis*

{¶41} At the outset, we note App.R. 16(A)(7) states:

(A)  Brief of the Appellant. The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

\* \* \*

(7)  An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, *with citations to the authorities, statutes, and parts of the record on which appellant relies.* The argument may be preceded by a summary.

(Emphasis added).  App.R. 16(A)(7).

{¶42} Even though Appellant directs us to the trial court's Sentencing Entry, by reciting the findings of the trial court made under R.C. 2929.12(D), he failed to provide us with any authority to support his proposition that the trial court was "indecipherable" on its recidivism analysis.  Additionally, Appellant presents no legal solution for the trial court's proposed error.  Thus, we find that the Appellant has failed to present a legal argument in this assignment, rendering this assignment of error a nullity pursuant to App.R. 12(A)(2).

**{¶43}** Nonetheless, assuming *arguendo* that Appellant did comply with the Appellate Rules, his "indecipherable" argument is without merit. Specifically, Appellant asserts that the following portion of his sentencing entry is indecipherable:

> Pursuant to R.C. 2929.12(D), the Court considered the following factors it determined applied, indicating that the defendant is **likely** to commit future crimes:
>
> The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. [sic] of the Revised Code prior to January 1, 2002 *or* the offender has a history of criminal convictions.
>
> Pursuant to R.C. 2929.12(E), the Court considered the following actors it determined applied, indicating that the defendant is **unlikely** to commit future crimes:
>
> Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(Emphasis sic; emphasis added). (J. Entry Sentencing, Doc. No. 65). Our plain reading of the sentencing entry reveals that the trial court *did not find* that Appellant had been adjudicated a delinquent; rather, the trial court found that Appellant had a history of criminal convictions, but had not been adjudicated a delinquent child, given the "*or*" contained in the entry. Thus, the trial court's entry reflects the trial court's intentions.

**{¶44}** Nevertheless, even if the entry was not clear on its face, the finding was supported by the trial court's findings at Appellant's sentencing hearing. Specifically, the trial court found:

-24-

> **Trial Court:  * * * [T]he Court will state its preliminary findings with regard to the sentencing factors that the law requires that the Court consider pursuant to Section 2929.12 of the Ohio Revised Code, specifically including that with regard to the relative seriousness of the offense.  Mr. Miller * * * has a history of criminal convictions, but not prior delinquencies.**

(Sentencing, 02/14/2018 Tr. at 4).  Thus, the trial court consistently found that Appellant had a history of criminal convictions, but no prior delinquencies when conducting its recidivism analysis.

{¶45} Based on the plain language contained in Appellant's sentencing entry, and the recitation of recidivism findings at sentencing, the trial court was not "indecipherable" in its recidivism analysis, and we overrule Appellant's fourth assignment of error.

## *Conclusion*

{¶46} Having found no error prejudicial to the Appellant here in the particulars assigned and argued, we overrule Appellant's first, second, third, fourth, and fifth assignments of error and affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**