[Cite as *State v. Pummell*, 2023-Ohio-2721.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

DEVIN COREY PUMMELL,

    DEFENDANT-APPELLANT.

CASE NO. 14-23-05

O P I N I O N

Appeal from Union County Common Pleas Court
Trial Court No. 22CR0173

**Judgment Reversed and Cause Remanded**

Date of Decision:  August 7, 2023

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Raymond Kelly Hamilton* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Devin Corey Pummell ("Pummell") brings this appeal from the judgment of the Court of Common Pleas of Union County finding Pummell guilty of multiple charges and sentencing him to an aggregate indefinite prison term of 10 to 14 years. Pummell challenges on appeal 1) the voluntariness of the guilty plea, 2) the failure of the trial court judge to recuse himself, and 3) imposition of an indefinite sentence. For the reasons set forth below, the judgment is reversed.

{¶2} On August 5, 2022, the Union County Grand Jury indicted Pummell on the following counts: 1) Aggravated Burglary in violation of R.C. 2911.11(A)(1), (B), a felony of the first degree; 2) Abduction in violation of R.C. 2905.02(A)(2), (C), a felony of the third degree; 3) Assault in violation of R.C. 2903.13(A), (C), a misdemeanor of the first degree; 4) Aggravated menacing in violation of R.C. 2903.21(A), (B), a misdemeanor of the first degree; 5) Assault in violation of R.C. 2903.13(A), (C), a misdemeanor of the first degree; and 6) Obstructing Official Business in violation of R.C. 2921.31(A), (B), a misdemeanor of the second degree. Pummell entered pleas of not guilty to each of the counts. On November 10, 2022, Pummell withdrew his not guilty plea pursuant to a plea agreement. The agreement provided that Count 1 would be amended to Burglary, a felony of the second degree and Pummell would plead guilty to the amended Count 1 and the remaining five

counts.  Doc. 32.  Following a dialogue with Pummell regarding the effect of the plea, the trial court accepted the plea and found Pummell guilty of the charges.

{¶3} On December 20, 2022, the trial court held a sentencing hearing.  The trial court then imposed the following sentence:  Count 1 – an indefinite prison term of 8-12 years; Count 2 – 24 months to be served consecutive to Count 1; Count 3 – 180 days in jail to be served concurrent to Counts 1 and 2; Count 4 – 180 days in jail to be served concurrent to Counts 1 2,and 3; Count 5 – 180 days in jail to be served concurrent to Counts 1, 2, 3, and 4; and Count 6 – 90 days in jail to be served concurrent to Counts 1, 2, 3, 4, and 5.  The aggregate prison term was 10-14 years. Pummell appealed from this judgment and on appeal raises the following assignments of error.

### First Assignment of Error

**The trial court erred when it accepted [Pummell's] guilty plea when it was not knowingly, intelligently, or voluntarily made because it was based on representations by the court that the court would be lenient in sentencing.**

### Second Assignment of Error

**The trial court erred when it failed to recuse itself, as it was evident that the site of the crime became personal to the judge, unduly influencing him, and resulting in a bias with the court that directly impacted the sentencing, resulting in a violation of [Pummell's] due process rights, creating a sentence that is contrary to law.**

**Third Assignment of Error**

**The trial court's imposition of an indefinite sentence pursuant to the statutory scheme known as "The Reagan Tokes Law" is unconstitutional and must be reversed.**

*Voluntariness of Plea*

{**¶4**} Pummell alleges in the first assignment of error that his guilty plea was not voluntarily entered because he was led to believe that the court would be lenient in sentencing. "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. If a plea is coerced or induced by promises or threats, the plea is rendered involuntary. *State v. Lawson*, 3d Dist. Seneca No. 13-18-20, 2018-Ohio-4922, ¶ 20. In evaluating the voluntariness of a plea, a reviewing court must "scrutinize carefully any participation by the trial court in the plea bargaining process." *State v. Walker*, 61 Ohio App.3d 768, 770, 573 N.E.2d 1158 (8th Dist. 1989). The judge's status as the trier of fact creates a great potential for coerced guilty pleas if he or she participates in the plea bargaining process. *State v. Byrd*, 63 Ohio St.2d 288, 293, 407 N.E.2d 1384 (1980). Comments made by a trial judge in the plea bargaining process must be carefully scrutinized to see if they affected the voluntariness of the defendant's guilty plea. *Id*. An appellate court must determine whether the statements of the judge "could have led the defendant to believe he could not get a fair trial, including a fair sentence after the trial" to determine if the voluntariness of the plea was undermined. *Lawson, supra*.

{¶5} Here, the change of plea occurred during the final pretrial. Before Pummell and the State had a discussion about a plea, the trial court made the following statements.[1]

> The other thing that you need to know is is, [sic] if you enter a plea of guilty, that you are likely, likely I said, to be sent to prison for a period of time. In the event of a guilty plea where you're taking responsibility for your actions on the night in question, you can count on the fact that your sentence is going to be on the lower end of the scale as opposed to the higher end of the scale. And, if you're also required to enter a plea to the Abduction, it's likely that the Court would impose a concurrent sentence and not a consecutive sentence.
>
> At the end of a trial, if you choose not to take – and it's your choice – at the end of the trial, if you were to be found guilty, you could count on the penalties being more severe than what I've told you.

Plea Hearing Tr. 7. The trial court then recessed to allow Pummell and the State to discuss a possible plea. When the hearing resumed, the State indicated that a plea agreement had been reached. Pursuant to the agreement, Count 1 of the indictment was amended to burglary, a second degree felony and a lesser included offense of aggravated burglary. Pummell agreed to enter a plea of guilty to the amended Count 1 and all of the remaining counts.

{¶6} Pummell argues that his plea was coerced when he was promised a lower sentence if he entered a plea, but a harsher sentence if he was convicted after a trial. The State argues that since the trial court's statements were made before

---

[1] From the record it appears the change in plea occurred very late in the day on the Thursday prior to a three-day weekend with the court needing to know whether to cancel the jury that was summoned to appear the following Monday.

Pummell requested the amended charge, the trial court was not involved in the plea negotiations. This Court has previously held that statements made by a trial court before the State and the Defense negotiate a plea can still be participation in the plea negotiation. *State v. Howard*, 3d Dist. Hardin No. 6-09-16, 2010-Ohio-4828.

{¶7} In *Howard*, the State rested its case and defense counsel indicated that Howard wished to testify against the advice of counsel. The trial court held a discussion with Howard about how he should take a plea deal in order to get a shorter sentence. The trial court then ordered a recess to allow the State and the defense to have time to discuss a potential plea agreement. After the recess, Howard changed his plea to one of guilty. On appeal Howard claimed that his plea was not voluntarily entered because of the statements by the trial court before the negotiation. This Court held that the trial court had participated in the plea bargaining process by making the statements and the statements rendered the plea involuntary. Based upon this, this Court reversed the judgment and remanded the matter for a new trial.

{¶8} Like the matter in *Howard*, the trial court here did not officially participate in the plea bargaining process. However, the trial court did make statements telling Pummell that he would receive a lower sentence if he entered a guilty plea than if he went to trial. The trial court guaranteed that the sentence would be at the lower end of the sentencing range if Pummell entered a plea, threatened a harsher sentence if Pummell was convicted after a trial, and then took a recess to

allow the parties time to discuss. The trial court specifically stated "at the end of the trial, if you were to be found guilty, you could count on the penalties being more severe than what I've told you." This statement is the equivalent of the trial court making a threat that there will be additional punishment if the defendant did not reach a plea agreement and was found guilty after trial, thus rendering the plea involuntary. *Machibroda v. U.S.*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). The first assignment of error is sustained.

{¶9} Having sustained the first assignment of error regarding the withdrawal of the guilty plea, the remaining assignments of error are rendered moot. Pursuant to App.R. 12(A)(1)(c), this Court will not rule on them at this time.

{¶10} Having found error prejudicial to the appellant, the judgment of the Court of Common Pleas of Union County is reversed and the matter is remanded to the trial court for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**MILLER, P.J. and WALDICK, J., concur.**

**/hls**